(No. 22948.—)

The People of the State of Illinois, Defendant in Error, vs. Eddie Abrams, Plaintiff in Error.

*Opinion filed June 14, 1935.*

Jones, J., dissenting.

Irving Greenfield, (Francis Heisler, of counsel,) for plaintiff in error.

Otto Kerner, Attorney General, Thomas J. Courtney, State's Attorney, and J. J. Neiger, (Edward E. Wilson, Henry E. Seyfarth, and John T. Gallagher, of counsel,) for the People.

Mr. Justice Shaw delivered the opinion of the court:

Eddie Abrams and Jerome Scholler were found guilty of the larceny of an automobile on indictment and trial in the criminal court of Cook county. Abrams alone sues out this writ of error to review that judgment.

The evidence in support of the conviction is substantially as follows: Albert Schefzik testified that his Plymouth automobile was stolen on November 27, 1934, and that he next saw it in a wrecked condition five days later. Ray Knopinski, a police officer, testified that about 10:15 P. M. on November 28, 1934, while driving north on Rush street,

in Chicago, in a squad car, accompanied by three other officers, they passed a car going in the opposite direction; that he turned the squad car around and went after it and that after chasing it several blocks it crashed into a curb. He further testified that three persons got out of the wrecked automobile and ran away, one of them running south on Rush street; that he then drove west one block and south two blocks, where he turned east and there met the defendant, Abrams, who was walking west. The officer arrested Abrams and testified that he "was breathing like he was running." The officer further testified that he recognized Abrams because of the clothes he was wearing, having noticed them when the cars passed on Rush street, and that plaintiff in error was at that time sitting in the back seat of the wrecked car. None of the other officers in the squad car claimed to have recognized Abrams at the moment of passing. The People further introduced a statement signed by Scholler to the effect that he was in the sedan at the time it was wrecked and that he knew the car was stolen, but this statement in no way connected the plaintiff in error with the crime.

The defendant Scholler testified for the defense, stating that he was in the car at the time of the accident, but that he had never seen the plaintiff in error until after the arrest, and that the plaintiff in error was not in the automobile at the time of the accident. In his own behalf the plaintiff in error denied any knowledge of the stolen car or its being wrecked, gave an account of his reason for being on the street, which was corroborated, and introduced substantial evidence as to his whereabouts during the night the car had been stolen.

To sustain a conviction the People rely upon a theory of possession of recently stolen property, but that rule can not be applied in this case. The possession must be such as to indicate that the defendant, and not someone else, took the property. (*Watts* v. *People,* 204 Ill. 233.) Con-

struing the evidence for the People most strongly against the defendant and considering everything to be proved which that evidence tends to prove, it would only show that the defendant was riding in the back seat of a recently stolen automobile which was being driven by another. The facts of the case do not bring it within the rules laid down in the cases cited.

The trial court erred in failing to direct a verdict finding the defendant not guilty, and for that error the judgment will be reversed.

*Judgment reversed.*

Mr. JUSTICE JONES, dissenting.