(No. 6919. October 3, 1941)

STATE, Respondent, v. WILBUR BATES, Appellant.

(117 Pac. (2d) 281)

Dunlap & Dunlap, for Appellant.

Bert H. Miller, Attorney General, J. R. Smead, Leo Bresnahan, Robert M. Kerr, Jr., M. Casady Taylor, Assistant Attorneys General, for Respondent.

■ GIVENS, J.—On his appeal from conviction of the grand larceny of an automobile and being a persistent violator appellant assigns two errors. The first one is that prior to the present prosecution he had been convicted of a felony three times, this would therefore be his fourth conviction, and he could not be a persistent violator because section 19-2414 I. C. A. provides that upon conviction for the third time of the commission of a felony one shall be considered a persistent violator. Obviously the legislature never intended by such statute that one would be a persistent violator upon the conviction of a third offense but not upon a fourth or any subsequent one. (*State v. Vandetta,* 108 W. Va. 277, 150 S. E. 736.) This assignment is therefore without merit.

■ The second assignment of error is that the evidence is insufficient to sustain the verdict in that it is not shown appellant participated in or had anything to do with the larceny of the automobile in question. As against this contention the state urges that the recent unexplained possession of stolen property is a circumstance from which the guilt of the accused may be inferred. Such is undoubtedly the law in this state. (*State v. Seymour,* 7 Ida. 257, 61 Pac. 1033; *State v. Marquardson,* 7 Ida. 352, 62 Pac. 1034; *State v. Sanford,* 8 Ida. 187, 67 Pac. 492; *State v. Collett & Ireland,* 9 Ida. 608, 75 Pac. 271; *State v. Ireland,* 9 Ida. 686, 75 Pac. 257; *State v. Bogris,* 26 Ida. 587, 144 Pac. 789; *State v. Jackett,* 45 Ida. 720, 264 Pac. 875; *State v. Pate,* 43 Ida. 648, 253 Pac. 623; *State v. Vanek,* 59 Ida. 514, 84 Pac. (2d) 567.)

■ The evidence substantially and without conflict shows that on the evening of December 25, 1940, one Albert Bates, a cousin of appellant, took an automobile belonging to one Carl Earnest from in front of the latter's residence at Nampa some time after ten p. m.

122

and later the same night, accompanied by appellant, drove it to Boise where they were apprehended and placed under arrest about three o'clock the morning of December 26. There is uncontradicted evidence to the effect that appellant was not with Albert Bates at the time the automobile was taken. There is no evidence to indicate appellant had anything to do with the initial taking of the automobile or that there was any concerted scheme or plan on the part of appellant and Albert Bates to take the car. There is no evidence to show appellant participated with Albert Bates in the trip to Boise except as a passenger. The evidence of appellant's possession of the automobile is therefore insufficient to bring into play the above stated and adhered to rule. (*State v. Sullivan*, 34 Idaho 68, 199 Pac. 647, 17 A. L. R. 902; *McLaughlin v. State*, 18 Okl. Cr. 137, 193 Pac. 1010; *People v. Abrams*, 360 Ill. 594, 196 N. E. 801.)

Judgment is reversed and the case remanded with instructions that the trial court either grant a new trial or dismiss the charge, in his discretion, after hearing the prosecuting attorney as to the probability of producing any further or additional evidence on a new trial. It is so ordered. (*State v. Baker*, 60 Idaho 488, 92 Pac. (2d) 133.)

BUDGE, C.J., and MORGAN, HOLDEN and AILSHIE, JJ., concur.