(No. 27340.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JEROME SCHOLLER, Plaintiff in Error.

*Opinion filed Nov. 16, 1943—Rehearing denied Jan. 13, 1944.*

SOL R. FRIEDMAN, I. S. FRIEDMAN, and ODE L. RANKIN, all of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and JOSEPH A. POPE, all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE SMITH delivered the opinion of the court:

Plaintiff in error, Jerome Scholler, was tried by a jury in the criminal court of Cook county, jointly with one Eddie Abrams, for the larceny of an automobile. Both defendants were found guilty by the jury. On January 7, 1935, each was sentenced to the penitentiary for an indeterminate term of from one to twenty years.

In 1935 Abrams sued out a writ of error from this court to review the judgment. In an opinion filed at the June term, 1935, the judgment was reversed as to him. (*People* v. *Abrams,* 360 Ill. 594.) A report of proceedings was filed in the trial court, by Abrams, on January 30, 1935. It purports to be a complete report of the proceedings had in the criminal court on the trial of the two defendants, jointly. No separate report of proceedings

was filed by plaintiff in error. This court, on May 19, 1943, on motion of plaintiff in error, entered an order allowing the record on file in this court in *People* v. *Abrams,* to be refiled in this cause as a return to the writ of error sued out by plaintiff in error.

Defendant in error has expressed doubt as to whether plaintiff in error may avail himself of the use of the report of proceedings filed by Abrams on January 30, 1935. The point, however, is not argued and no authorities are cited in support of the doubt expressed. The report of proceedings filed in the trial court by Abrams, and incorporated in the record as a return to the writ of error sued out of this court to review his case, appears to be a complete report of the proceedings on the trial. Upon the filing of the same, it became a part of the record of the trial court, as to both defendants. It did not lose its character as such when transmitted to this court as a part of the record in the *Abrams case.* No reason is suggested, and we know of none, why it should not be regarded as a part of the record in this case, since it is now a part of the records of this court. We are not impressed with the basis suggested for the doubt expressed by defendant in error as to the propriety of this procedure. The report of proceedings had in the trial court, where both Abrams and plaintiff in error were tried, and in which the judgment of conviction was entered, must be properly regarded as a part of the record of the trial court in this case as well as on the writ of error sued out by Abrams to review the judgment as to him.

The facts are set out in the opinion in the case of *People* v. *Abrams,* 360 Ill. 594. It will be unnecessary to repeat them here. The conviction of Abrams was reversed because it was based solely upon the theory that his unexplained possession of the stolen automobile jointly with others, soon after the theft was committed, raised a presumption that he was guilty of the wrongful taking.

This court, however, in its opinion, found that the evidence was not sufficient to bring the case, as to Abrams, within the rule relied upon.

The evidence as to defendant in error, Scholler, however, is different from the evidence tending to connect Abrams either with the larceny or with the possession of the automobile soon after the theft was committed. Scholler testified in his own defense. He admitted that he was in the car during the chase and when it crashed. He was seated in the front seat to the right of the driver. He left the car when it crashed into the curb. He ran for some distance while a policeman was shooting at him. He finally took refuge in a stair or hallway, and was there captured. His explanation of his connection with the automobile was that a short time before his arrest a man whom he knew only as "Bud" was driving the automobile; that he was introduced to this man earlier in the evening; that this new acquaintance promised to take him to a tavern, give him money and treat him to a good time in general. He testified that he later got into the car with "Bud," the driver; that presently he observed a police car following them; that he asked "Bud," "What is the matter, the police are after us," to which "Bud" replied, "It is a stolen car;" that he tried to get the driver to stop and let him out, but he only increased the speed; that after the crash he heard shooting, which caused him to run and attempt to hide.

It is argued by plaintiff in error, on the authority of the opinion in the *Abrams case,* that this evidence was not sufficient to show that he was in possession of the stolen automobile. He also relies upon the case of *Watts* v. *People,* 204 Ill. 233. The case as to Scholler is distinguishable from the case against Abrams for the reason that Scholler admits that he was in the automobile at the time it was wrecked and while it was being chased for several blocks by the squad car. Scholler admitted that he was

one of the occupants of the car. In the absence of a satisfactory explanation of his possession of the car, jointly with others, this was sufficient to raise the presumption of guilt against him. It brought him clearly within the rule, and established joint possession in him, together with the driver of the car. He testified to facts tending to explain such possession. The jury did not, however, accept his version of the transaction. Neither did the jury give weight or credit to the testimony of his sister and his brother, by whom he attempted to prove an alibi. The evidence tending to show that Abrams was in possession of the car was held to be insufficient to bring the case, as to him, within the rule. While the evidence as to Abrams was held, by this court, to be insufficient to sustain his conviction, the evidence as to Scholler was sufficient. It clearly brought him within the rule announced by this court in *People* v. *Kulig,* 373 Ill. 102, *People* v. *Strutynski,* 367 Ill. 551, *People* v. *Norris,* 362 Ill. 492, and numerous like cases.

Plaintiff in error also cites and relies upon *People* v. *Barnes,* 311 Ill. 559. In that case the language relied upon by plaintiff in error was used in discussing an instruction, offered by the defendant, upon the presumption of guilt arising from the possession of stolen property. The instruction tendered in that case was refused by the trial court. This was held to be error and the cause was reversed and remanded for that error. Here, the jury was accurately instructed as to the rule, and the *Barnes case* is not in point.

It is also complained that an instruction given by the trial court on the subject of possession of stolen property, and the presumptions arising therefrom, was abstract in form; that it erroneously assumed that the defendant was in possession of the stolen property. The instruction is not subject to this criticism. By the instruction the jury was told that if it believed from the evidence, beyond a

reasonable doubt, the property was stolen, and shortly thereafter was found in the exclusive possession of defendants, such evidence was enough to warrant a conviction. It further told the jury that if the evidence tending to explain such possession created in the minds of the jury a reasonable doubt as to the guilt of the defendants, or either of them, then such possession was not sufficient to warrant a conviction. Plaintiff in error's occupancy of the automobile, under the facts shown, carries certain implications that he was in joint possession with the other occupants. This being true, plaintiff in error was not prejudiced by any assumption of possession set forth in the instruction.

Complaint is also made of the refusal to give certain instructions tendered on behalf of plaintiff in error. The refused instructions were so worded as to be applicable to a case involving an accessory before the fact. No such element was involved in this case, and it was not error to refuse these instructions.

Here, plaintiff in error admitted that he was one of the occupants of the automobile. He was seated beside the driver. He attempted to explain, by his own testimony, only, that he was merely a passenger and that, as such, he was in nowise connected with its possession. The jury heard his testimony. It also heard the testimony tending to show that he was at his home all during the night on which the automobile was stolen. The jury evidently gave no weight or credit to this testimony. The weight of the evidence and the credibility of the witnesses were questions for the jury. No reversible errors were committed by the trial court. In such case this court will not substitute its judgment for that of the jury.

The judgment of the criminal court of Cook county is affirmed.
*Judgment affirmed.*