(No. 85186.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. RENARD ANDERSON, Appellee.

*Opinion filed December 2, 1999.*

James E. Ryan, Attorney General, of Springfield, and Richard A. Devine, State's Attorney, of Chicago (William L. Browers, Assistant Attorney General, of Chicago, and Renee G. Goldfarb, Kenneth T. McCurry, Hareena Meghani-Wakely and Theodore Fotios Burtzos, Assistant State's Attorneys, of counsel), for the People.

Steven D. Imparl, of Chicago, for appellee.

JUSTICE MILLER delivered the opinion of the court:
Defendant, Renard Anderson, was charged by indictment in the circuit court of Cook County with aggravated possession of a stolen motor vehicle (625 ILCS 5/4—103.2(a)(7)(A) (West 1992)), possession of a stolen motor vehicle (625 ILCS 5/4—103(a)(1) (West 1992)), and possession of burglary tools (720 ILCS 5/19—2 (West 1992)). Following a bench trial, defendant was found guilty of possession of a stolen motor vehicle. The trial judge sentenced defendant as a Class X offender to six years'

imprisonment. Defendant appealed, and the appellate court reversed. 294 Ill. App. 3d 1039. We allowed the State's petition for leave to appeal (177 Ill. 2d R. 315(a)), and we now reverse the judgment of the appellate court and affirm the judgment of the circuit court.

## BACKGROUND

The following evidence was presented at trial. Velyne Zumm testified that on July 20, 1994, her dark-blue 1989 Pontiac Trans Am was stolen from her driveway. Zumm stated that, at the time of the theft, her car was in running condition with no damage. Zumm further testified that she did not give anyone permission or authority to use her car. Zumm next saw her car two days later, on July 22, 1994. On that date, Zumm observed that the passenger door lock and trunk lock were punched out, the steering column was torn apart, and the stereo and spare tire were missing. Zumm further observed in the car several packages of meat and two screwdrivers; neither the meat nor the tools were hers.

Anthony Bartolomei, a Chicago Heights police officer, testified that on July 22, 1994, at approximately 1:30 a.m., he and his partner, Alex Ramano, were in an unmarked vehicle stopped at the corner of 16th and Halsted Streets in Chicago Heights. There they observed a dark-blue Pontiac Trans Am heading east on 16th Street. Both officers noticed that the driver of the Trans Am looked like the suspect wanted for a shooting earlier that evening in another part of Chicago Heights. The officers activated their emergency lights and attempted to stop the Trans Am. As the officers moved behind the Trans Am, they observed two individuals in the Trans Am simultaneously look back at them. Rather than stopping, the Trans Am sped off. After a high-speed chase, the Trans Am swerved off the road, collided with a planter, and came to rest. Prior to the Trans Am's coming to rest, both occupants jumped out and attempted to flee.

Bartolomei testified that, once the two individuals were in custody, he learned that the Trans Am was stolen. An examination of the vehicle revealed that both the trunk and passenger side locks were punched out, the steering column was ripped out, the radio was missing, and no keys were in the ignition. There were, however, two screwdrivers on the driver's side floorboard.

Bartolomei testified that, later that day, he spoke to defendant and then prepared a written account of defendant's oral statement. Defendant reviewed and signed the following statement:

"I was in Dolton at Fairway Foods. I went inside to boost some meat. I met up with a guy I recognized who was boosting also. I asked him if he had a car. He told me yeah, he did.

He asked me if I was going to boost anything. I said yeah I was. He told me when I come [sic] out that he would have the car running on the side of the store.

He walked out, waited for me to come out.

I left the store about five minutes later. He got into a blue Pontiac Grand [sic] Am that he was driving.

We drove to an unknown block around 127th Street in Chicago and sold the meat I took from the store.

We then drove to another area in Chicago and bought two bags of rock cocaine. We smoked the dope inside and we wanted more.

At this point the car dies out and I ask him where's [sic] your keys. He told me that he didn't need his keys because it was started from the column.

He then stuck a screwdriver in the left side of the column and restarted the car.

He then drove to a Jewel Food Store where he again boosted four packages of meat and we decided to come south to Chicago Heights and try to sell the meat, to get more dope.

It was shortly after this that the police got behind us.

He floored the gas pedal in [an] effort to run from the police. I told him don't run, we're caught, just stop. He said no man, I'm dirty. And then drove into a yard where

we both jumped out of the car and were both caught by the police."

Alex Ramano, Bartolomei's partner, also testified. Ramano stated that on July 22, 1994, at approximately 1:20 a.m., he observed defendant exit the passenger side of the Trans Am and placed him under arrest. Ramano testified that as defendant was being placed under arrest, defendant stated, "I wasn't with him; I wasn't in that car."

At the conclusion of the State's evidence, defendant moved for a directed finding. The trial judge directed a finding for defendant on the charge of aggravated possession of a stolen motor vehicle. 625 ILCS 5/4—103.2(a)(7)(A) (West 1992). The defense did not present any evidence.

At the conclusion of the trial, the trial judge found defendant guilty of possession of a stolen motor vehicle (625 ILCS 5/4—103(a)(1) (West 1992)) and not guilty of possession of burglary tools (720 ILCS 5/19—2 (West 1992)). The trial judge concluded that defendant knew the car was stolen and was in joint possession of it with the driver. Following a sentencing hearing, the trial judge sentenced defendant as a Class X offender to six years' imprisonment.

On appeal, defendant argued that, because he was only a passenger in the Trans Am, he did not possess the car and, therefore, could not be convicted of possession of a stolen motor vehicle. The appellate court, with one justice dissenting, agreed with defendant and reversed his conviction. 294 Ill. App. 3d 1039. The appellate court stated that "for a passenger in a stolen motor vehicle to be found guilty of possession of a stolen motor vehicle, the element of possession must be proven by evidence that the passenger exercised sufficient control over the vehicle or participated in the theft of the vehicle or theft of a part of the vehicle." 294 Ill. App. 3d at 1044. We allowed the State's petition for leave to appeal (177 Ill. 2d

R. 315(a)), and now reverse the judgment of the appellate court and affirm the circuit court.

## DISCUSSION

The offense of possession of a stolen motor vehicle is defined in section 4—103(a)(1) of the Illinois Vehicle Code. That section provides in pertinent part:

"It is a violation of this Chapter for:

(1) A person not entitled to the possession of a vehicle or essential part of a vehicle to receive, possess, conceal, sell, dispose, or transfer it, knowing it to have been stolen or converted ***." 625 ILCS 5/4—103(a)(1) (West 1992).

In order for a person to be convicted of possession of a stolen motor vehicle, the State must prove beyond a reasonable doubt that defendant possessed the vehicle, that he was not entitled to possession of the vehicle, and that he knew that the vehicle was stolen. *People v. Alvine*, 173 Ill. 2d 273, 296 (1996); *People v. Rivera*, 141 Ill. 2d 528, 533 (1990); 625 ILCS 5/4—103(a)(1) (West 1992).

In this case, the trial judge found, and the appellate court agreed, that the evidence clearly established that defendant knew the Trans Am was stolen. Before this court, defendant does not contest this finding. Therefore, the narrow issue before us is whether a person is in possession of a stolen motor vehicle when that person joins in the use of the stolen motor vehicle in furtherance of other crimes.

The State argues that the appellate court erred when it held that defendant could not be considered in possession of the stolen Trans Am even though defendant knew it was stolen and, as a passenger, used it in furtherance of other crimes with the driver. Defendant argues that the State failed to prove beyond a reasonable doubt that he was in possession of the stolen Trans Am. He contends that merely riding as a passenger in a stolen motor vehicle, without more, does not rise to the level of criminal possession of a stolen motor vehicle. Defendant asserts

that to find a passenger in possession of a stolen motor vehicle, the State must prove that the passenger was exercising some control over the vehicle.

In support of this contention, defendant cites this court's opinion in *People v. Abrams*, 360 Ill. 594 (1935). In *Abrams*, defendant was found guilty of larceny of an automobile. To sustain the conviction in *Abrams*, the State argued that, because defendant was in possession of a recently stolen vehicle, he was guilty of the larceny of that vehicle. However, this court rejected the State's contention. The court explained that "possession must be such as to indicate that the defendant, and not someone else, took the property." *Abrams*, 360 Ill. at 595. The court noted that the evidence showed only that defendant was riding in the backseat of a recently stolen automobile that was being driven by another. *Abrams*, 360 Ill. at 596. Consequently, this court reversed defendant's conviction for larceny.

We believe *Abrams* to be inapposite to the case at bar. Here, defendant was charged not with theft of a motor vehicle but with possession of a stolen motor vehicle. Possession of a stolen motor vehicle is a distinct offense and, unlike theft, does not require evidence that defendant stole the motor vehicle. *People v. Bryant*, 128 Ill. 2d 448, 455-56 (1989); 625 ILCS 5/4—103(a)(1) (West 1992). As noted earlier, possession of a stolen vehicle requires proof that defendant possessed the vehicle, that he was not entitled to possession of the vehicle, and that he knew that the vehicle was stolen. *Alvine*, 173 Ill. 2d at 296; *Rivera*, 141 Ill. 2d at 533; 625 ILCS 5/4—103(a)(1) (West 1992).

Although we are not bound by decisions of the appellate court, we believe that *People v. Tucker*, 186 Ill. App. 3d 683 (1989), *People v. Davenport*, 176 Ill. App. 3d 142 (1988), and *People v. Santana*, 161 Ill. App. 3d 833 (1987), provide useful insight into what may constitute possession of a stolen motor vehicle.

In *Tucker*, codefendant Ester was found guilty of possession of a stolen motor vehicle. On appeal, Ester argued that the evidence was insufficient to establish guilt for that offense. Specifically, Ester asserted that there was no evidence that he had control of the car, drove it, or was observed stripping it. The appellate court affirmed Ester's conviction. The court noted that Ester was a passenger in the stolen motor vehicle, kept a lookout while codefendant Tucker tampered with the vehicle, fled the scene when the police arrived, and possessed a tool commonly used to remove wheels. The court concluded that all of these facts and circumstances were sufficient for the jury to find Ester guilty of possession of a stolen motor vehicle.

A similar result was reached in *Davenport*. There defendants Brown and Davenport were observed removing lug nuts from a vehicle. As they were approached by police officers, they dropped a wrench and walked toward the officers. After learning the car had been stolen, the officers placed defendants under arrest. Both defendants were found guilty of possession of a stolen motor vehicle. On appeal, the defendants contended that the evidence failed to prove that they were in possession of a stolen motor vehicle beyond a reasonable doubt. The appellate court disagreed. The court stated that defendants' conduct in attempting to remove the tires from the vehicle with tools that had been taken from the vehicle clearly constituted possession under the statute. Thus, the appellate court held that there was no merit to defendants' contentions that the evidence was insufficient and that they were not proved guilty beyond a reasonable doubt.

Finally, in *Santana*, defendants Perez and Santana were found guilty of possession of a stolen motor vehicle. There, defendants were observed leaning into a stolen car with their arms moving. Among other things, the hood of the car was removed and the front seats were

out of place. On appeal, defendants argued that their mere presence in the garage where the stolen vehicle was located did not constitute possession of the vehicle. The court believed that the evidence, considered as a whole, supported a finding that defendants were in possession of the stolen motor vehicle. Thus, the appellate court affirmed defendants' convictions.

With the above as background, we examine defendant's actions in this case. The evidence presented in this case established that defendant was engaged in an illegal activity, shoplifting, prior to meeting another individual who was also shoplifting. Defendant asked the person if he had a car. The individual said he did and stated that he would wait for defendant outside in the car. On leaving the store, defendant got in the Trans Am and left with the second individual. Defendant and the driver then drove to another location and sold the shoplifted goods. Moreover, the evidence established that after defendant and the driver sold the shoplifted goods, they drove to yet another location and purchased rock cocaine. After smoking the rock cocaine, defendant and the driver continued on their criminal venture by driving to another store where the driver shoplifted more goods. Furthermore, the evidence showed that defendant and the driver used the stolen Trans Am to avoid capture when approached by the police.

A criminal conviction will not be set aside on appeal unless the evidence is so improbable or unsatisfactory that there remains a reasonable doubt of defendant's guilt. *People v. Howery*, 178 Ill. 2d 1, 38 (1997); *People v. Tye*, 141 Ill. 2d 1, 13 (1990). The question on review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979); *People v. Collins*, 106 Ill. 2d 237, 261 (1985).

Having reviewed the evidence in this case, we believe that there was sufficient evidence presented for the trier of fact, the trial judge in this case, to find defendant in possession of the stolen vehicle. Defendant was not merely a passive occupant who did not know that the Trans Am was stolen. Rather, defendant was actively engaged in using the stolen vehicle in furtherance of a criminal venture for his personal benefit. Thus, based on all the evidence, defendant's joint use of the vehicle with the driver constituted possession of the vehicle within the meaning of the statute. On this record, the trial judge properly found defendant guilty of possession of a stolen motor vehicle. 625 ILCS 5/4—103(a)(1) (West 1992).

Given our result above, we need not address the State's contention that defendant was guilty of possession of a stolen motor vehicle under accountability principles.

## CONCLUSION

For the reasons stated, the judgment of the appellate court, which reversed the judgment of the circuit court of Cook County, is reversed and the judgment of the circuit court of Cook County is affirmed.

*Appellate court judgment reversed;*
*circuit court judgment affirmed.*