**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46134**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 2, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ARTURO GONZALEZ FLORES, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel Hoagland, District Judge.

Order denying I.C.R. 35 motion to correct an illegal sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Arturo Gonzalez Flores appeals from the district court's order denying his I.C.R. 35 motion to correct illegal sentences. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Flores was charged with two felony counts of possession of a controlled substance, I.C. § 37-2732(c)(1)(F), and a persistent violator enhancement, I.C. § 19-2514. A jury found Flores guilty of both charges as well as the enhancement. The district court imposed enhanced, concurrent unified terms of fifteen years, with minimum periods of confinement of three years. Flores filed an I.C.R. 35 motion claiming his sentences are illegal. The district court denied Flores's motion. Flores appeals.

1

## II.

## STANDARD OF REVIEW

In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993).

## III.

## ANALYSIS

Flores argues that his sentences are illegal for four reasons: (1) the district court lacked jurisdiction to punish him as a persistent violator based on two prior felony convictions because he believes the enhancement only applies upon a third felony conviction; (2) the enhancement provision of the Uniform Controlled Substance Act, I.C. § 37-2732(c), cannot be applied in conjunction with the persistent violator enhancement; (3) the persistent violator enhancement could not apply because the possession crimes he was charged with were not designated as felonies at the outset; and (4) I.C. § 19-2514 violates the due process and equal protection clauses of the United States and Idaho Constitutions. With respect to the first three arguments, Flores acknowledges that the law does not support his claims. I.C. § 19-2514 ("Any person convicted for the third time of the commission of a felony . . . shall be considered a persistent violator of the law, and on such third conviction shall be sentenced to a term . . . not less than five (5) years"); I.C. § 18-111 (defining felony as "a crime which is punishable with death or by imprisonment in the state prison"); I.C. § 37-2732(c)(1) (proscribing punishment for felony possession of a controlled substance as up to seven years in prison); *see State v. Kerrigan*, 143 Idaho 185, 188, 141 P.3d 1054, 1057 (2006) (recognizing multiple enhancements are proper absent statutory language prohibiting such); *State v. Bates*, 63 Idaho 119, 121, 117 P.2d 281, 281 (1941) (interpreting I.C. § 19-2514). Thus, Flores's first three arguments fail to show his sentences are illegal.

With respect to his fourth argument--that I.C. § 19-2514 violates due process and equal protection--Flores acknowledges that the district court denied relief on this claim because Flores failed to cite any relevant legal authority to support this claim. Flores also fails to cite any such authority on appeal. A party waives an issue on appeal if either authority or argument is lacking.

*State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).  We therefore decline to consider the merits of Flores's fourth argument regarding the legality of his sentences.

## IV.
## CONCLUSION

Flores has failed to show that his sentences are illegal.  Therefore, the district court's order denying Flores's I.C.R. 35 motion for correction of illegal sentences is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.