# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46221

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: May 23, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JAYSON LEE HOF, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Davis F. VanderVelde, District Judge.

Order denying I.C.R. 35 motion for correction of illegal sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

Jayson Lee Hof appeals from the district court's order denying his I.C.R. 35 motion to correct an illegal sentence. For the reasons set forth below, we affirm.

In 2014, Hof pled guilty to felony driving under the influence, I.C. §§ 18-8004 and 18-8005, and admitted to a persistent violator enhancement, I.C. § 19-2514. The district court imposed a unified term of forty years, with a minimum period of confinement of ten years. Hof appealed, claiming his sentence is excessive; and this Court affirmed Hof's judgment of conviction and sentence in an unpublished opinion. *State v. Hof*, Docket No. 42443 (Ct. App. July 17, 2015).

1

In 2017, Hof filed an I.C.R. 35 motion claiming his sentence is illegal because he does not believe his felony DUI qualifies as a felony or that the persistent violator enhancement applies to his offense. The district court appointed counsel to represent Hof on his motion and held a hearing at which Hof only presented argument. The district court subsequently denied Hof's motion. On appeal, Hof acknowledges that, under *State v. Clements*, 148 Idaho 82, 218 P.3d 1143 (2009), his guilty pleas preclude him from asserting that the persistent violator enhancement does not apply to him. However, he still asserts that his sentence is illegal because the persistent violator enhancement can only apply to a third felony conviction and his DUI in this case was his fifth felony conviction. As Hof recognizes, a valid guilty plea waives all nonjurisdictional defects and defenses. *See Clements*, 148 Idaho at 86, 218 P.3d at 1147. By pleading guilty to the persistent violator enhancement, Hof waived any factual argument that the persistent violator enhancement could not apply based on the number of prior felony convictions he had when he entered his guilty plea to the felony in this case. *See id.*

Even if Hof's guilty plea did not also preclude his legal argument that the persistent violator enhancement can only apply upon a third felony conviction and not to any subsequent conviction, the argument is foreclosed by binding precedent. Idaho Code Section 19-2514 provides:

> Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

Hof contends that the plain language of I.C. § 19-2514 limits its application to a defendant's third felony conviction. The Idaho Supreme Court rejected this argument in *State v. Bates*, 63 Idaho 119, 117 P.2d 281 (1941). In *Bates*, the Court stated: "Obviously the legislature never intended by such statute that one would be a persistent violator upon the conviction of a third offense but not upon a fourth or any subsequent one." *Id.* at 121, 117 P.2d at 281. Hof asserts he is mindful of *Bates*, but offers no basis for disregarding it. The rule of stare decisis requires a reviewing court to follow controlling precedent unless the precedent is manifestly wrong; has proven to be unwise or unjust; or overruling it is necessary to vindicate plain, obvious principles of law. *State v. Dana*, 137 Idaho 6, 9, 43 P.3d 765, 768 (2002). Hof has not

argued any basis for disregarding *Bates*.  Moreover, this Court is bound by Idaho Supreme Court precedent.

Hof has failed to show error in the denial of his I.C.R. 35 motion.  Therefore, the district court's order denying Hof's I.C.R. 35 motion for correction of an illegal sentence is affirmed.