**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46235**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 30, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MICHAEL DELYNN DEUEL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael Reardon, District Judge.

Order denying I.C.R. 35 motion for correction of illegal sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

Michael Delynn Deuel appeals from the district court's order denying his Idaho Criminal Rule 35 motion to correct an illegal sentence. For the reasons set forth below, we affirm.

In 2004, Deuel was convicted by a jury of grand theft, Idaho Code §§ 18-2403(1), 18-2407(1)(b), and of being a persistent violator, I.C. § 19-2514. The district court imposed a unified term of twenty years, with a minimum period of confinement of two years. Deuel appealed, claiming that this sentence is excessive; and that this Court affirmed Deuel's judgment of conviction and sentence in an unpublished opinion. *State v. Deuel*, Docket No. 31361 (Ct. App. April 24, 2006).

1

In 2007, Deuel filed an I.C.R. 35 motion to correct and illegal sentence claiming, among other arguments not relevant here, that I.C. § 19-2514 permits enhancement of the sentence for a persistent violator's third felony conviction, but not any subsequent felony conviction. The district court denied the motion and this court affirmed in an unpublished decision. *State v. Deuel*, Docket No. 34255 (Ct. App. Nov. 28, 2007).

In 2018, Deuel filed a second I.C.R. 35 motion claiming his sentence is illegal for a variety of reasons including because the persistent violator enhancement applies only to a third felony offense, but not to subsequent felony convictions. The district court denied Deuel's motion. On appeal, Deuel acknowledges that under *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009), a claimed illegal sentence must appear from the face of the record. While Deuel claims his felony conviction for grand theft is his fourth felony conviction, there is nothing on the face of the record establishing as much. Therefore, even if his claim as to the scope of I.C. § 19-2514 had merit, the claimed illegality of his sentence is not established from the face of the record.

Additionally, Deuel's I.C.R. 35 motion is barred by res judicata as the same claim was raised in his first I.C.R. 35 motion. *See State v. Wolfe*, 158 Idaho 55, 63, 343 P.3d 497, 505 (2015).

Even if we reach the merits of Deuel's argument that the persistent violator enhancement can only apply upon a third felony conviction and not to any subsequent conviction, the argument is foreclosed by binding precedent. Idaho Code § 19-2514 provides:

> Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

Deuel contends that the plain language of I.C. § 19-2514 limits its application to a defendant's third felony conviction. The Idaho Supreme Court rejected this argument in *State v. Bates*, 63 Idaho 119, 117 P.2d 281 (1941). In *Bates*, the Court stated: "Obviously the legislature never intended by such statute that one would be a persistent violator upon the conviction of a third offense but not upon a fourth or any subsequent one." *Id*. at 121, 117 P.3d at 281. Deuel asserts he is mindful of *Bates*, but concludes only that it was incorrectly decided and manifestly wrong because it overlooked the plain language of the statute. The rule of stare decisis requires a

reviewing court to follow controlling precedent unless the precedent is manifestly wrong; has proven to be unwise or unjust; or overruling it is necessary to vindicate plain, obvious principles of law. *State v. Dana*, 137 Idaho 6, 9, 43 P.3d 765, 768 (2002). We do not agree that the *Bates'* Court's reading of the statute is manifestly wrong. Moreover, this Court is bound by Idaho Supreme Court precedent.

Deuel has failed to show error in the denial of his I.C.R. 35 motion. Therefore, the district court's order denying Deuel's I.C.R. 35 motion for correction of an illegal sentence is affirmed.