Argued and submitted July 31, conviction affirmed; remanded for resentencing
November 4, 1992

STATE OF OREGON,
*Respondent,*

*v.*

MIGUEL ZAVALA-RAMOS,
aka Abel Rodriguez Ruiz,
*Appellant.*

(91C-20551; CA A71190)

840 P2d 1314

David K. Allen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Kaye Ellen Sunderland, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Defendant was convicted of delivery of a controlled substance (cocaine). ORS 475.992. The presentence investigation report stated that he had been deported twice and was currently on an Immigration and Naturalization Service hold. It also showed previous arrests for drug charges, failure to appear, contempt charges and driving under the influence of intoxicants. His placement was 4-G on the sentencing guidelines grid, which has a presumptive probationary sentence. The court imposed a dispositional departure sentence of 12 months in prison. OAR 253-08-005. Defendant argues that the sentence is not supported by substantial and compelling reasons, insofar as the court relied on his immigration status and immigration law violations.

Defendant argues that the court's reasons for departing, although ambiguous, appear to show that it relied on some combination of his previous episodes of involvement with drugs, his two deportations and his apparent illegal return to the United States. Defendant contends that his immigration status is not an appropriate consideration in determining whether to impose a departure sentence, because immigration enforcement is a concern of the federal government, not the Oregon courts. He also argues that, if the court relied on past deportations, that reliance is error as a matter of law, because deportation is a civil, not a criminal, proceeding and, therefore, is not evidence of any criminal "offense" that could properly constitute an aggravating factor.

■■   We agree that a defendant's current illegal immigration status cannot, *per se*, be considered to be an aggravating factor. For the same reason, we also agree that consideration of a history of deportations, standing alone, would not justify a departure sentence. The state does not argue otherwise, but contends that the court could rely on the information in the PSI, *including* the record of deportations, to justify a departure sentence.

■   Before the guidelines, a court had broad latitude to determine a sentence in the light of aggravating and mitigating circumstances. Those circumstances were not limited to the offense and criminal history but included information often contained in the PSI, such as the defendant's social

history, present condition and environment. *State ex rel Russell v. Jones*, 293 Or 312, 316, 647 P2d 904 (1982); *State v. Smith*, 6 Or App 27, 32, 487 P2d 90 (1971). The guidelines have restricted the discretion to determine what sentence to impose, but they have not restricted the court's consideration of aggravating and mitigating factors. *See* OAR 253-02-001(2); OAR 253-02-003(d). The factors provided in the guidelines are not exclusive, OAR 253-08-002, and the court is not precluded from considering relevant information.

■■     Immigration status *per se* is not relevant. However, circumstances that demonstrate a defendant's unwillingness to conform his conduct to legal requirements, whether or not there are criminal consequences, may be. *See State v. Cornelius*, 112 Or App 98, 827 P2d 937, *rev den* 314 Or 176 (1992). Defendant had been illegally in the United States at least twice.[1] The court could consider that pattern of conduct in determining whether it is likely that a probationary sentence would serve the purposes of the guidelines to protect the public and punish the offender. OAR 253-02-001; *see State v. Hill*, 112 Or App 213, 827 P2d 951 (1992); *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992).

■     We do not, however, share the state's conviction that the court considered the proper factors here. We are unable to determine whether it improperly considered defendant's immigration status and the deportations in deciding to impose a departure sentence. The state asked for a departure sentence:

> "[PROSECUTOR]: I recommend departure * * * based upon repeated involvement in similar criminal offenses, it does not require convictions, plus the list is not exclusive; Your Honor, I think, based upon the defendant's past behavior with his deportations a presumptive probationary sentence is not appropriate.

> "[DEFENDANT'S COUNSEL]: Prior deportations, I don't think by any calculations is a reason to depart * * *.

> "THE COURT: What about the deportations? He doesn't seem to want to follow those rules * * * why didn't he stay in Mexico?

---

[1] Defendant argues that there was no evidence to show that, presently, he is illegally in the United States. However, he does not dispute the "historical information" in the PSI, which includes that he is on an immigration hold.

"* * * * *

"THE COURT: Based upon history and continued involvement, based upon his illegally coming back into the United States, court's going to adopt the departure."

In *State v. Wilson, supra*, 111 Or App at 151, we explained the scope of our review of a departure sentence:

"Under ORS 138.222(3)(b), we review whether the *reasons* given by the court are appropriate. That review is limited to whether the reasons are substantial and compelling. That is, we review the explanation of why the circumstances are so exceptional that imposition of the presumptive sentence would not accomplish the purposes of the guidelines. If the explanation does not demonstrate that, we must remand for resentencing." (Emphasis in original.)

We agree with defendant that the court's comments here do not permit that review.

Conviction affirmed; remanded for resentencing.