Argued and submitted June 29, 1992, remanded in part; otherwise affirmed
July 7, 1993

# STATE OF OREGON,
## *Respondent,*

*v.*

# JAVIER MORALES-AGUILAR
## *Appellant.*

(9011-36477, 9012-36901;
CA A69338 (Control), A69339)
(Cases Consolidated)

855 P2d 646

Peter Gartlan, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Kaye E. Sunderland, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

### WARREN, P. J.

This case is before us for a second time. Defendant was convicted of two counts of possession of a controlled substance (PCS) and one count of delivery of a controlled substance (DCS) as part of a "scheme or network." ORS 475.992. In our opinion, we reversed and remanded the conviction for DCS with instructions to dismiss the indictment. 114 Or App 432, 833 P2d 1381 (1992). In *State v. Ferrell*, 315 Or 213, 843 P2d 939 (1993), the Supreme Court held that the remedy was not dismissal of the indictment but, rather, affirmance of the conviction on the underlying drug offense and remand to the trial court for resentencing.

This case had been held in abeyance, and after the decision in *Ferrell*, we granted the state's motion for reconsideration, and, by order, vacated our opinion and took the case under advisement to consider defendant's remaining assignments of error.

Defendant argues that the court erred when it denied his motion for judgment of acquittal on the charge of DCS. There was no error. There was sufficient evidence for a jury to conclude that defendant had committed the offense.

■ Defendant next assigns error to the imposition of upward departure sentences on all of his convictions. He contends that the court appears to have relied on his status as an illegal alien and that sentencing for immigration violations constitutes an unintended and unauthorized use of the guidelines, as well as a due process violation.

In *State v. Zavala-Ramos*, 116 Or App 220, 840 P2d 1314 (1992), we noted that, although immigration status *per se* is not a relevant factor under the guidelines, circumstances that demonstrate a defendant's unwillingness to conform his conduct to legal requirements, whether or not there are criminal consequences, may be. Those circumstances may include illegal residency. 116 Or App at 223.

Here, unlike in *Zavala-Ramos*, and despite defendant's protestations to the contrary, the court made clear that it was not imposing the sentence departure because of defendant's status as an illegal alien. The court noted that defendant had "demonstrated an absolute disregard for any

of the laws" and that, because he faced immediate deportation, imposition of the presumptive probationary sentence would not serve to accomplish the goals of the guidelines. *State v. Hill,* 112 Or App 213, 827 P2d 951 (1992). There were substantial and compelling reasons to support the departure sentences.

■     Defendant next assigns error to the consecutive sentence imposed on one conviction of PCS. Defendant failed to preserve any claim of error that the court did not give reasons to support the consecutive sentences. He also contends that there is no authority to impose consecutive sentences on dispositional departure sentences, because OAR 253-12-020 and OAR 253-08-007, which govern consecutive sentences, speak only about "presumptive incarceration terms" and there is no presumptive incarceration term for a dispositional departure.

Defendant is correct that the limitations on departures set out in OAR 253-08-007 do not apply to dispositional departure sentences. *State v. Ripka,* 111 Or App 469, 827 P2d 189, *rev den* 313 Or 300 (1992). However, it does not follow that consecutive sentences cannot be imposed for dispositional departure sentences. OAR 253-12-010 restates the general statutory authority for imposition of consecutive sentences:

> "When multiple convictions have been entered against a single defendant, the sentencing judge may impose consecutive or concurrent sentences as provided by ORS 137.122, 137.123 and 137.370."

There is nothing in the rules that precludes dispositional departure sentences from being ordered to be served consecutively.

We also disagree with defendant that the record does not show that there were substantial and compelling reasons given for the departures on each consecutive sentence. In context, it is clear that the court's reasons for departing applied to all of the sentences imposed.

Remanded for resentencing on conviction of delivery of a controlled substance; otherwise affirmed.