43 P.3d 765

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Loren E. DANA, Defendant–Appellant.**

**No. 27810.**

Supreme Court of Idaho,
Boise, December Term, 2001.

Feb. 27, 2002.

Molly J. Huskey, Interim State Appellate Public Defender, for appellant. Nancy C. Luebbert argued.

Hon. Alan G. Lance, Attorney General, Boise, for respondent. Paul T. Krueger II, Deputy Attorney General, argued.

TROUT, Chief Justice.

## I.

## FACTUAL AND PROCEDURAL HISTORY

Loren Dana (Dana) pleaded guilty to two counts of felony driving without privileges in violation of Idaho Code § 18–8001(5) (1995),[1] and for each count the district judge imposed a three-year determinate sentence, which is the maximum sentence allowed by statute. I.C. § 18–8001(5)(a). The district judge further ordered that these maximum sentences be served consecutively, but suspended the sentences and placed Dana on probation for three years. As a condition of probation, Dana was required to serve 180 days in jail, with 60 days of that period to be served immediately, and 120 days to be treated as discretionary jail time served at the direction of Dana's probation officer. Dana served the first sixty days immediately after sentencing. A few months later, after his release on probation, Dana tested positive for methamphetamine and his probation officer ordered that he serve the remaining 120 days that had been imposed as a condition of his probation.

Shortly after Dana's release from this 120–day period of incarceration, the probation officer filed a report of probation violation alleging that Dana had again tested positive for methamphetamine. Following a hearing on this allegation, the district judge found Dana to be in violation of his probation terms, revoked probation and ordered execution of the original sentences. Dana appealed this order, challenging the district judge's finding that the State had adequately proven a probation violation. The Court of Appeals affirmed the order in an unpublished decision, *State v. Dana,* 134 Idaho 121, 996 P.2d 1289 (Ct.App.1999). In that appeal, Dana did not challenge the legality of his sentences or contend that his sentences were excessive.

Following the denial of that appeal, Dana filed a pro se motion pursuant to Idaho Criminal Rule 35 for correction of his sentences. He contended only that his sentences should be reduced because he had not received credit against the prison terms for the 180 days he had served in jail as a condition of his probation. The district judge denied the motion, Dana appealed and the case was assigned to the Court of Appeals.

In his argument appealing that ruling, Dana acknowledged the Idaho Supreme Court's holding in *State v. Banks,* 121 Idaho 608, 826 P.2d 1320 (1992), which held that the time a defendant spends in jail as a condition of probation after imposition of sentence is not to be credited against the sentence. According to the *Banks* rationale, a defendant "is not entitled to credit for the time he voluntarily surrendered to gain probation." *Id.* at 610, 826 P.2d 1320, 826 P.2d at 1322. The Court of Appeals affirmed the district court and Dana filed a Petition for Review to this Court, which was granted.

---

1. This offense was subsequently reduced to misdemeanor status. *See* 1998 Idaho Sess. Laws, ch. 325 at 1050.

## II.

## STANDARD OF REVIEW

"When considering a case on review from the Court of Appeals, this Court gives serious consideration to the Court of Appeals; however, this Court reviews the decision of the trial court directly." *Raudebaugh v. State*, 135 Idaho 602, 603, 21 P.3d 924, 925 (2001) (citing *State v. Avelar*, 129 Idaho 700, 702, 931 P.2d 1218, 1220 (1997)). "This Court is not merely reviewing the correctness of the Court of Appeals' decision; rather, this Court is hearing the matter as if the case were on direct appeal from the trial judge's decision." *Id.* (citing *Stanley v. McDaniel*, 134 Idaho 630, 7 P.3d 1107 (2000); *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995)).

"Whether a sentence is illegal is a question of law which we review freely." *State v. Peterson*, 121 Idaho 775, 777, 828 P.2d 338, 340 (Ct.App.1992) (citing *State v. Hale*, 116 Idaho 763, 765, 779 P.2d 438, 440 (Ct.App. 1989)).

## III.

## *BANKS* IS CONTROLLING

■ Dana argues that his case should be distinguished from *Banks* because the denial of credit for time served as a condition of his probation, coupled with the district judge's imposition of the maximum possible sentences, means that Dana will actually be incarcerated longer than the maximum periods of imprisonment authorized by statute for his offenses. Dana asserts that even when jail time has been voluntarily accepted as a condition of probation, a defendant should not be deprived of his liberty for more than the maximum time set by statute.

In *Banks*, this Court held that the time the defendant spent in jail as a condition of probation was not to be credited against his sentence when probation was revoked. The Court based its ruling on the concept of waiver and noted that Idaho Code § 19–2601(2) allows a court to place a defendant on probation "subject to 'such terms and conditions as it deems necessary and expedient.' " *Id.* (citing I.C. § 19–2601(2)).

The Court cited *State v. Gawron*, 112 Idaho 841, 736 P.2d 1295 (1987) in support of its ruling and wrote: "[t]his Court has previously approved as a term of probation that the defendant waive his right to be free from unreasonable searches and seizures." *Banks*, 121 Idaho at 610, 826 P.2d at 1322 (citing *Gawron*, 112 Idaho at 843, 736 P.2d at 1297). The Court continued, "[a]s in *Gawron*, Banks waived a right in exchange for being placed on probation. Accordingly, he is not entitled to credit for the time he voluntarily surrendered to gain probation." *Id.*

Considering the rationale of *Banks*, the fact that Dana will actually be incarcerated for more time than the maximum amount of incarceration set by statute under Idaho Code § 18–8001(5)(a), as it existed at the time, is insufficient to distinguish this case from *Banks*. The 180 days Dana served prior to his probation violation was a condition of probation and was not imposed pursuant to Idaho Code § 18–8001(5)(a). Because the 180 days of incarceration arose independently as a condition, and not under Idaho Code § 18–8001(5)(a), the time served is not part of Dana's sentence. Dana waived his rights by agreeing to serve the 180 days, just as in *Gawron* the defendant waived his rights to be free from unreasonable searches and seizures as a condition of probation. Thus, Dana's maximum sentence of six years total under Idaho Code § 18–8001(5)(a), in addition to the condition of probation of 180 days of incarceration, is not an unlawful sentence of more than the maximum amount of time available for the offenses. *See* I.C. § 18–8001(5)(a) (since revised).

■ The purpose of probation is rehabilitation, which is facilitated by giving the defendant a strong motivation to comply with the law by holding conditions over him. *See State v. Wilson*, 100 Idaho 725, 726, 604 P.2d 739, 740 (1979). If the *Banks* rationale were not followed, that would of course reduce the motivation of a defendant who was on probation to comply with the law by decreasing the severity of the consequences for noncompliance.

"[T]he rule of stare decisis dictates that we follow [controlling precedent], unless it is manifestly wrong, unless it has proven over time to be unjust or unwise, or unless overruling it is necessary to vindicate plain, obvious principles of law and remedy continued injustice." *Reyes v. Kit Manufacturing Co.*, 131 Idaho 239, 953 P.2d 989 (1998) (quoting *Houghland Farms, Inc. v. Johnson*, 119 Idaho 72, 77, 803 P.2d 978, 983 (1990)). The facts of the present case have not been shown to satisfy the foregoing test and they do not warrant overruling *Banks*.

## IV.

## CONCLUSION

We affirm the district court's denial of Dana's Rule 35 motion.

Justices SCHROEDER, WALTERS, KIDWELL and EISMANN, concur.