IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42119

| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 361 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 18, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JAMIE L. NEIDER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Order denying request for additional credit for time served, affirmed.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Jamie L. Neider appeals from the district court's order denying his request for additional credit for time served. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2008, Neider pled guilty to burglary and misdemeanor possession of a controlled substance. The district court sentenced Neider to a unified term of six years with three years determinate, but suspended the sentence and placed Neider on probation for five years. As a condition of probation, Neider was required to spend one year in jail. A little more than one month later, the district court converted Neider's remaining jail time to discretionary time, and he was released. Neider ultimately served the discretionary time while on probation. Subsequently, Neider admitted violating his probation and the district court executed the original sentence, but retained jurisdiction. Following the period of retained jurisdiction, the district

court again placed Neider on probation and provided for additional discretionary jail time. Neider served the discretionary time and later admitted to again violating his probation. The district court then executed the original sentence of six years with three years determinate.

In 2011, Neider filed a motion for credit for time served and requested that the district court award him credit for the discretionary jail time that he served as a condition of probation. The district court found that Neider was not entitled to credit for the time spent in jail as a condition of probation and denied Neider's motion. Neider did not appeal from the order denying his request. In 2014, Neider filed a motion titled "Illegal Sentence Motion." The substance of the motion was a request that the district court grant him credit for the time spent in jail based on the discretionary time.[1] The district court, noting it had already decided this matter, found that Neider was not entitled to credit for the discretionary time served as a condition of probation.[2] Neider timely appeals.

## II.

## ANALYSIS

Neider first argues that denying him credit for the discretionary time he served while on probation violates his constitutional rights. However, he has failed to support his assertion with argument. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Therefore, we decline to address these claims.

Neider also argues that the district court erred by not granting him credit for the time served as discretionary jail time. The question of whether a sentencing court has properly awarded credit for time served on the facts of a particular case is a question of law which is subject to free review by this Court. *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005); *State v. Horn*, 124 Idaho 849, 850, 865 P.2d 176, 177 (Ct. App. 1993). We

---

[1]  Neider has asked this Court to review the motion as a request for credit for time served, as opposed to an Idaho Criminal Rule 35 motion of an illegal sentence. The State does not oppose this characterization, and we will treat Neider's motion as a motion for credit for time served.

[2]  The State argues that res judicata bars Neider's claim for credit for time served since the district court previously denied the same request, and that denial was not appealed. Given our decision that Neider was not entitled to the time served as a condition of probation, we need not address this issue.

2

defer to the district court's findings of fact unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006). The Idaho Supreme Court has "held that the time the defendant spent in jail as a condition of probation was not to be credited against his sentence when probation was revoked." *State v. Dana*, 137 Idaho 6, 8, 43 P.3d 765, 767 (2002). Accordingly, Neider's claim that he is entitled to credit for the time he spent in jail as a condition of probation fails.

## III.

## CONCLUSION

The district court did not err in denying Neider's request for credit for time served. Therefore, the district court's order denying Neider's motion is affirmed.

Chief Judge MELANSON and Judge LANSING **CONCUR.**