# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41634

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 509 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 2, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DARCY DEAN MURPHY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order denying motion for credit for time served, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Darcy Dean Murphy appeals from the district court's order denying his request for additional credit for time served. We affirm.

## I.

## BACKGROUND

In 2008, Murphy pleaded guilty to felony driving under the influence, Idaho Code §§ 18-8004, 18-8005(6). The district court sentenced Murphy to a unified term of ten years with three years fixed, but retained jurisdiction. At the jurisdictional review hearing, the district court referred Murphy to drug court. After Murphy was accepted into drug court, the district court suspended the sentence, placed Murphy on probation, and ordered the completion of drug court as a condition of probation. As an additional term of probation, the court ordered that Murphy

1

"shall serve 180 *additional* days in the Ada County Jail" with "180 days suspended to be imposed in the discretion of the probation officer/Drug Court Judge."

Murphy performed poorly in drug court, his failures eventually resulting in his termination from the program. Because of the termination his probation was revoked and the underlying sentence executed. In the revocation order, the district court granted 285 days of credit for time served, representing the time Murphy had spent in prejudgment incarceration and on retained jurisdiction.

Murphy later filed an Idaho Criminal Rule 35(c) motion for additional credit for time served. He requested credit for approximately four months that he spent incarcerated in the Ada County Jail during his time in drug court. The district court denied the motion, stating that Murphy had served the time in question as a condition of probation, the incarceration having been imposed as discretionary sanctions for violations of drug court rules. The court held that because credit against a sentence is not allowed for time spent in jail as a condition of probation, Murphy's motion was without merit.

Murphy appeals. He argues that the district court erred by disallowing credit for two periods of time served awaiting disposition of probation violation allegations.

## II.

## ANALYSIS

Whether a sentencing court has properly awarded credit for time served on the facts of a particular case is a question of law that is subject to free review by this Court. *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005); *State v. Brashier*, 130 Idaho 112, 113, 937 P.2d 424, 425 (Ct. App. 1997); *State v. Horn*, 124 Idaho 849, 850, 865 P.2d 176, 177 (Ct. App. 1993). However, we defer to the district court's findings of fact unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006).

The law in this area is well-settled. A period of incarceration that was served as a condition of probation is not to be credited to a defendant whose probation is subsequently revoked. *State v. Dana*, 137 Idaho 6, 8, 43 P.3d 765, 767 (2002); *State v. Banks*, 121 Idaho 608, 609-10, 826 P.2d 1320, 1321-22 (1992); *State v. Lively*, 131 Idaho 279, 280, 954 P.2d 1075, 1076 (Ct. App. 1998); *State v. Buys*, 129 Idaho 122, 127, 922 P.2d 419, 424 (Ct. App. 1996). This rule precluding credit encompasses "discretionary jail time" authorized in the terms of

2

probation. *Dana*, 137 Idaho at 8, 43 P.3d at 767. Credit generally must be given, however, for periods of incarceration after a probationer's arrest for a probation violation and while the probationer is awaiting disposition of allegations of a violation. I.C. § 19-2603; *Lively*, 131 Idaho at 280-81, 954 P.2d at 1076-77; *Buys*, 129 Idaho at 127-28, 922 P.2d at 424-25. Murphy contends that his incarceration falls within the latter category.

We conclude that Murphy has not shown entitlement to additional credit. Here, the district court clearly imposed, but suspended, 180 days of incarceration as a condition of probation, and this probation term was accepted by Murphy. The probation order then directed that this incarceration could be ordered served in the discretion of the probation officer or the drug court judge, presumably as a sanction for drug court violations. The district court's order denying credit found that the incarceration was imposed in that manner as discretionary jail time. Murphy has not demonstrated that this factual statement is inaccurate, and nothing in the record disproves it.[1] Murphy relies on written reports of a drug court committee *recommending* that Murphy be incarcerated "indefinitely" pending determination of whether he should be terminated from the drug court program. These reports express only recommendations, however; they do not prove what action was taken by the court or disprove the district court's finding that the incarceration was discretionary jail time served as a condition of probation.

Murphy has not shown error in the denial of his motion for additional credit for time served. Therefore, the order denying his motion for additional credit is affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR.**

---

[1] The record on appeal discloses no written order of either the probation officer or the drug court for service of this jail time. Thus, it appears that any such order was oral.