[14 NYS3d 100]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS CESAR, Appellant.

Second Department, July 22, 2015

APPEARANCES OF COUNSEL

*Alex Smith*, Middletown, for appellant.

*David M. Hoovler*, *District Attorney*, Middletown (*Andrew R. Kass* of counsel), for respondent.

**OPINION OF THE COURT**

DILLON, J.P.

In this matter, we are called upon to address an issue of first impression in New York appellate courts: whether an undocumented immigrant must be sentenced to a period of incarcera-

tion rather than to a term of probation because the continuing violation of federal immigration laws would constitute an automatic violation of the standard conditions of probation. We hold that while a defendant's undocumented immigration status may be considered by sentencing courts as one factor in determining whether an appropriate sentence should include incarceration, probation, or a combination of both, courts may not rely solely upon a defendant's undocumented immigration status in imposing a sentence of incarceration to the exclusion of all other relevant factors.

## I. Facts

By way of background, the defendant was charged with aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a] [a]), driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]), and aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3]), arising out of a traffic stop in Orange County on August 5, 2012. He was administered a test that revealed a .20% blood alcohol content, and had previously been convicted of a driving while intoxicated as a misdemeanor in the City Court of Newburgh on March 21, 2011. On January 8, 2013, the defendant, while represented by counsel, entered a plea of guilty in the County Court to the class E felony of aggravated driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2-a) (a) in full satisfaction of the various charges, answered standard questions on voir dire, and waived in writing his right to appeal after a specific voir dire conducted by the court.

The defendant is an undocumented immigrant. The record of the plea proceedings includes a summary of the County Court's earlier discussion with the prosecutor and defense counsel regarding the anticipated sentence. The People requested a sentence that included both a period of incarceration and five years of probation. The defense sought probation in lieu of any incarceration. The court stated that, upon a plea of guilty, it would not sentence the defendant to probation but would instead impose a sentence of incarceration. It reasoned that if the defendant were to be placed on probation, he would be in immediate violation of such sentence since probation typically prohibits the violation of any law, and the defendant's undocumented status would constitute a violation of federal immigration law. The defendant entered his plea of guilty knowing that his sentence would include incarceration rather than probation. At the sentencing proceeding on February 28, 2013, the

defendant was sentenced to eight months of incarceration in addition to a mandatory fine, surcharge, and license revocation.

The issues presented on this appeal include whether the defendant was bound by the waiver of his right to appeal, whether his claims are preserved for appellate review, and the extent of the trial court's discretion in imposing a sentence complicated by the defendant's undocumented immigration status. By decision and order on motion dated February 28, 2013, a Justice of this Court stayed the execution of the judgment of conviction pending the determination of this appeal.

## II. The Waiver of the Right to Appeal

█ As a threshold issue, the People argue that the instant appeal is foreclosed by the defendant's waiver of his appellate rights and remedies. The record contains a written waiver of the right to appeal executed by the defendant, which was the subject of a specific voir dire conducted by the Court. Generally, waivers of the right to appeal are valid and enforceable. However, we conclude that the defendant's otherwise valid waiver of the right to appeal is not an obstacle to this appeal. In *People v Brathwaite* (263 AD2d 89 [2000]), this Court noted that "[a] defendant may not waive his right to appellate review of certain claims, such as . . . constitutional claims" that "implicate a larger societal interest in their correct resolution which embrace[s] the reality of fairness in the process itself" (*id.* at 91 [internal quotation marks omitted]; *see People v Callahan*, 80 NY2d 273, 280 [1992]; *People v Seaberg*, 74 NY2d 1, 9 [1989]). We find that this exception is applicable to the particular facts and issues raised on the defendant's appeal.

## III. Preservation

The defendant argues on appeal that the County Court did not properly exercise its sentencing discretion under the Criminal Procedure Law and violated his rights under the Due Process, Equal Protection, and Privileges and Immunities Clauses of the New York Constitution. The People argue that the defendant failed to raise these issues at his plea and sentence proceedings, and that they are therefore unpreserved for appellate review. The defendant contends that preservation is not required because the court's imposition of an illegal sentence constitutes a mode of proceedings error not subject to the preservation rule (*see People v Santiago*, 22 NY3d 900, 903 [2013]; *People v Gonzalez*, 99 NY2d 76, 86 [2002]; *People v Samms*, 95 NY2d 52, 55-56 [2000]; *People v Agramonte*, 87 NY2d 765, 769-

770 [1996]; *People v Letterlough*, 86 NY2d 259, 263 n 1 [1995]; *Matter of Ramon H.-T.*, 87 AD3d 1141, 1142 [2011]; *People v Ramos*, 45 AD3d 702, 703 [2007]).

The People are correct that the defendant failed to preserve before the County Court the arguments he now raises on appeal. At no time during the plea and sentence proceedings did defense counsel ever raise any objection regarding judicial discretion or constitutional issues. The sentence imposed by the County Court, including the incarceration component, was within the authorized range of sentences established by the New York State Legislature for the offense at issue (*see* Vehicle and Traffic Law § 1193 [1] [c] [i]). Objections based upon a sentencing court's improper delegation of discretion or its failure to exercise discretion must be preserved to be reviewable (*see People v Russo*, 85 NY2d 872, 874 [1995]; *People v Gary*, 106 AD3d 932, 933 [2013]). Constitutional due process and equal protection claims also must be preserved (*see People v Russo*, 85 NY2d at 874; *People v Filer*, 97 AD3d 1095, 1097 [2012]; *People v Jackson*, 71 AD3d 1457, 1458 [2010]; *People v Corker*, 67 AD3d 926, 926-927 [2009]; *People v Lashley*, 58 AD3d 753, 754 [2009]). Moreover, any claim that the County Court improperly considered the defendant's undocumented immigration status in imposing sentence must likewise be preserved for appellate review (*see People v Kaplan*, 199 AD2d 82, 83 [1993]).

■ Notwithstanding the foregoing, we choose to reach the issues raised by the defendant in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]; *Eujoy Realty Corp. v Van Wagner Communications, LLC*, 22 NY3d 413, 423 [2013]), as the instant appeal raises a novel issue in New York that is likely to reappear in the future, and provides us with an opportunity to discuss how and to what extent a defendant's undocumented immigration status may be considered by a sentencing court.

IV. Separation of Powers

The defendant notes that the New York State Legislature has not enacted any statute prohibiting probationary sentences for undocumented immigrants convicted of crimes, or mandating that they be sentenced to a term of imprisonment. On that basis, the defendant argues that the County Court's policy of automatically sentencing undocumented immigrants to a term of imprisonment unconstitutionally usurps the legislative function of fixing criminal penalties in violation of the constitutional

separation of powers doctrine (*see e.g. United States v Evans*, 333 US 483, 486 [1948]; *Lichtman v Grossbard*, 73 NY2d 792, 795 [1988]; *People v Kupprat*, 6 NY2d 88, 90 [1959]; *People v Strassner*, 299 NY 325, 328 [1949]).

Nonetheless, there is no statute or rule prohibiting courts from considering a defendant's undocumented immigration status in determining an appropriate criminal sentence. Indeed, Penal Law § 65.00 (1) (a) is broadly written, stating, with exceptions not relevant here, that

> "the court may sentence a person to a period of probation upon conviction of any crime if the court, having regard to the nature and circumstances of the crime and to the history, character and condition of the defendant, is of the opinion that:

> "(i) Institutional confinement for the term authorized by law of the defendant is or may not be necessary for the protection of the public;

> "(ii) the defendant is in need of guidance, training or other assistance which, in his case, can be effectively administered through probation supervision; and

> "(iii) such disposition is not inconsistent with the ends of justice."

We conclude that consistent with the broad discretionary language of Penal Law § 65.00 (1) (a), a court's consideration of a defendant's status as an undocumented immigrant is not, in and of itself, a violation of the constitutional separation of powers doctrine (*see People v Kaplan*, 199 AD2d at 83; *cf. People v Medina*, 281 AD2d 563, 564 [2001] [a defendant may be asked at trial, after a *Sandoval* hearing (*see People v Sandoval*, 34 NY2d 371 [1974]), about his undocumented immigration status]). In fact, a sentencing court's consideration of a defendant's immigration status is entirely proper given the fact that, pursuant to Penal Law § 65.00 (1) (a), a sentencing court must consider the "history, character and condition of the defendant." However, the County Court's policy of automatically sentencing undocumented immigrants to a term of imprisonment violates due process and equal protection, as discussed in the following section.

## V. Due Process and Equal Protection

The United States Supreme Court has held that undocumented immigrants, and their children who are present in the

United States, are entitled to the due process and equal protection guarantees of the Fifth and Fourteenth Amendments to the United States Constitution (*see Plyler v Doe*, 457 US 202, 210-216 [1982]). Moreover, the Supreme Court also has held that "[a]s a general rule, it is not a crime for a removable alien to remain present in the United States" (*Arizona v United States*, 567 US —, —, 132 S Ct 2492, 2505 [2012], citing *INS v Lopez-Mendoza*, 468 US 1032, 1038 [1984]). The defendant argues that his incarceration violates the Due Process, Equal Protection, and Privileges and Immunities Clauses of the Fifth and Fourteenth Amendments of the United States Constitution as well as article I, §§ 1, 6, and 11 of the New York Constitution.

The County Court, in this instance, expressly deemed the defendant's undocumented status, and the defendant's inability to comply with all of the standard terms of probation, as an "aggravating circumstance." While appellate courts in New York have not yet had occasion to directly address whether undocumented immigration status is an appropriate factor to consider for sentencing purposes, several of our sister states have done so, with inconsistent results. The Court of Appeals of Indiana has concluded that the continuing illegal presence of a defendant in the state is a valid aggravating factor for sentencing purposes (*see Sanchez v State*, 891 NE2d 174, 176 [2008]), and the Supreme Judicial Court of Maine has concluded that a defendant's immigration status is a legitimate factor to be considered at sentencing (*see State v Svay*, 2003 ME 93, 828 A2d 790, 791, 794 [2003]; *see also United States v Loaiza-Sanchez*, 622 F3d 939, 942 [8th Cir 2010]). Conversely, the Court of Appeals of Oregon has concluded that a defendant's illegal immigration status cannot, per se, be an aggravating factor for sentencing purposes (*see State v Zavala-Ramos*, 116 Or App 220, 222, 840 P2d 1314, 1315-1316 [1992] [courts may nevertheless consider a defendant's pattern of repeatedly reentering the United States when considering the propriety of a probationary sentence]). In *State v Peter* (825 NW2d 126, 130 [2013]), the Court of Appeals of Minnesota stressed that immigration consequences cannot be taken into consideration at sentencing. Courts in other jurisdictions such as Georgia, California, Nevada, and the District of Columbia have avoided using the term "aggravating factor," holding instead that a defendant's undocumented immigration status and its effect upon the ability to comply with conditions of probation are merely

relevant factors that may be appropriately considered in fashioning a criminal sentence (*see Trujillo v State*, 304 Ga App 849, 853-854, 698 SE 2d 350, 353 [2010]; *People v Sanchez*, 190 Cal App 3d 224, 231, 235 Cal Rptr 264, 267 [1987] [deportation, rendering defendant unable to comply with conditions of probation, may be legitimately considered in determining whether to grant probation in a particular case]; *Ruvalcaba v State*, 122 Nev 961, 964-965, 143 P 3d 468, 470-471 [2006] [same]; *see also Yemson v United States*, 764 A2d 816, 819 [DC 2001]).

■ Based upon the foregoing, we reach two conclusions. First, courts may appropriately consider a defendant's undocumented immigration status in imposing criminal sentences. The decision to impose or not impose a sentence of probation may legitimately be affected by factors directly related to undocumented status. Those factors include, but are not necessarily limited to, the likelihood of the defendant's deportation during the probationary period, the defendant's history, if any, of repeated departures from and illegal reentries into the United States, the presence or absence of family in the United States, the defendant's employment history, and the defendant's legal employability. Second, it is impermissible for a sentencing court to refuse to consider a sentence of probation for an undocumented defendant solely on the basis of his or her immigration status. Doing so violates the Due Process and Equal Protection Clauses of the Federal and New York Constitutions by treating certain defendants differently from others based upon their undocumented presence in this state. In other words, a defendant's undocumented immigration status may be a factor a court takes into account in determining whether to include probation as part of a sentence, but such status cannot be the sole factor a court relies upon in denying a probationary sentence and in imposing a term of imprisonment instead.

Here, the record makes clear that the County Court declined to impose a probationary sentence because it believed that the defendant would be unable to comply with the standard condition of probation requiring a probationer to obey all local, state, and federal laws, since the defendant's continuing presence in the United States constituted an ongoing violation of federal immigration law. However, the court's reasoning is flawed. The Department of Probation does not determine the conditions of probation, and such conditions are not dictated by or limited to

the language contained in preprinted forms (*see People ex rel. Perry v Cassidy*, 23 AD2d 706, 707 [1965]). Rather, the conditions of any defendant's probation are established in each case by the sentencing court. Indeed, Penal Law § 65.10 (1) provides, in pertinent part, that "[t]he conditions of probation . . . shall be such as the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so" (*see* CPL 410.10; *People v Brown*, 62 AD3d 1209, 1210 [2009]; *People v Swenson*, 12 AD3d 948 [2004]; *see e.g. People v K.D.*, 4 Misc 3d 776 [Sup Ct, Kings County 2004]).

Here, nothing would have prevented the County Court from modifying the standard conditions of probation to provide that, while the defendant must obey all federal, state, and local laws, his undocumented immigration status would not be a basis, in and of itself, for the filing of a violation of probation petition. Thus, in deciding whether to impose or deny probation to a defendant who is an undocumented immigrant, a sentencing court may consider, in a proper case, potential ways to modify the standard conditions of probation if the defendant might otherwise be an appropriate candidate for probation.

Since the County Court in this instance denied the defendant probation solely on the basis of the defendant's status as an undocumented immigrant, we vacate the sentence imposed and remit the matter to the County Court for resentencing in accordance herewith. We express no opinion as to an appropriate sentence.

The defendant's remaining contentions are without merit or have been rendered academic in light of our determination.

Accordingly, the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for resentencing in accordance herewith.

DICKERSON, COHEN and DUFFY, JJ., concur.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for resentencing in accordance herewith.