# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 51585

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, October 2025 Term |
| | ) | |
| v. | ) | Opinion Filed: April 14, 2026 |
| | ) | |
| JESUS AGUSTIN PEREZ GARCIA, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendant-Appellant. | ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bingham County. Darren B. Simpson, District Judge.

The judgment of the district court is <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender, Boise, for Appellant. Andrea Reynolds argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. Kale D. Gans argued.

_____

MEYER, Justice.

Jesus Agustin Perez Garcia was arrested and charged following a traffic stop in which illegal drugs were discovered. He pleaded guilty to two felony counts: possession of a controlled substance (Idaho Code section 37-2732(c)(1)) and destruction of evidence (Idaho Code section 18-2603). At sentencing, both the State and the defense recommended probation, and the district court told Perez Garcia that a defendant "would typically get probation under these circumstances." However, after noting that Perez Garcia was not legally in the United States and had returned to the United States after having been previously removed, the district court concluded that Perez Garcia could not comply with federal law as a condition of probation. The court denied probation, stating: "I don't know how I can grant probation under those circumstances." The district court then sentenced Perez Garcia to an indeterminate prison sentence of five years, allowing him to become eligible for parole at any time during his sentence. *See* I.C. § 19-2513(1). On appeal to this Court, Perez Garcia argues that the district court abused its discretion in sentencing him to prison rather than placing him on probation. For the reasons discussed below, we affirm.

1

### I.  FACTUAL AND PROCEDURAL BACKGROUND

On July 25, 2023, law enforcement pulled a vehicle over for a cracked windshield. Perez Garcia was a passenger in the car, which was registered to an individual with an active arrest warrant in California. After law enforcement observed open containers of alcohol in Perez Garcia's possession, all the passengers were directed to exit the vehicle, and the officers conducted a search for open containers. During this search, an officer observed Perez Garcia attempt to hide a pipe—which was later determined to contain methamphetamine residue—by placing it under the officer's patrol car. After retrieving the pipe, the officer searched Perez Garcia and discovered another pipe—this one used for smoking marijuana. Meanwhile, the search of the vehicle led to the discovery of several grams of marijuana, which Perez Garcia confirmed belonged to him. He was charged with four counts: felony possession of a controlled substance, felony destruction of evidence, misdemeanor possession of a controlled substance, and misdemeanor possession of drug paraphernalia.

Pursuant to a non-binding plea agreement under Idaho Criminal Rule 11(f)(1)(B), Perez Garcia pleaded guilty to one felony count of possession of a controlled substance and one felony count of destruction of evidence. In exchange for his pleas, the State agreed it would recommend that the district court place Perez Garcia on probation and drop the two misdemeanor charges. At the sentencing hearing, Perez Garcia's counsel recommended probation, arguing that: (1) these were his first criminal charges, (2) he received a low Level of Service Inventory Revised ("LSI") score, (3) he had a strong history of regular employment, and (4) he had been attending outpatient treatment for his substance abuse issues.

Perez Garcia was born in Sonora, Mexico, and was not a legal citizen of the United States. He admitted that he had been previously removed from the United States in 2011, but he illegally returned. There was no indication at the sentencing hearing, which took place on January 3, 2024, that he was the subject of a federal arrest warrant or an immigration detainer. His attorney stated that, although he was in the country illegally, he should still have been eligible for probation. The district court asked for clarification on that, and the following exchange took place:

> [PEREZ GARCIA'S ATTORNEY]: To this point, there has not been any immigration hold or any filings as far as the Immigration Department. So as far as I know --
>
> . . . .

. . . As far as I know there shouldn't be any reason to be deported at this point.

THE COURT: If he's here unlawfully and he's been deported once, how can he comply with probation?

[PEREZ GARCIA'S ATTORNEY]: Your Honor, I don't know all the legal ramifications with Immigration and if he's allowed to be on probation. My understanding is that he could continue -- be on probation and then pending whatever the Immigration Department would like to do with his case, Your Honor.

The State also recommended probation. The prosecuting attorney explained: "With regards to the immigration issue, based on what I have observed, unless Immigration becomes involved at the outset of the case, the likelihood of deportation following a sentence is next to zero."

The district court then asked how Perez Garcia could comply with the standard terms of probation, which included a requirement to follow all laws, if he was in the United States illegally. The State responded that it was unlikely for an immigration proceeding to be initiated based on the criminal conviction alone. The district court also asked Perez Garcia why he returned to the United States illegally after having been previously removed in 2011. He responded that he came to the United States for better opportunities. The district court asked him why he did not enter the country legally, and Perez Garcia stated that it was not his intention to come here illegally. The court responded, "Well sure it was. You knew you had to have papers to come in or not. You chose not to."

The district court declined to sentence Perez Garcia to probation; instead, it sentenced him to a unified sentence of five years, with zero years fixed. In explaining its sentencing decision, the district court acknowledged that Perez Garcia "would typically get probation" based on the sentencing factors set forth in Idaho Code section 19-2521 and the objectives of criminal sentencing adopted by the Idaho Supreme Court. However, the district court imposed the sentence because it concluded that Perez Garcia could not "obey all laws including the federal laws" as a condition of his probation because he was in the United States illegally and had unlawfully reentered the United States after having been previously removed:

[A]s a condition of probation, you would be required to obey all laws including the federal laws, and I don't know how you do that if you're here illegally. And so it puts state courts in a difficult situation because the federal courts or the federal authorities won't do their job according to the law. And your situation is a bit different than somebody who was brought here as a child and didn't really have a choice. Here you were deported once and you had a choice to either come illegally or not.

3

Based on your circumstances and your history here, the criteria that I review which includes 19-2521 of the Idaho Code and the objectives of criminal punishment adopted by the Idaho Supreme Court, you would typically get probation under these circumstances. But your situation is, is that you've committed a crime for which you've now been convicted. You were removed once from the United States and are here illegally again. I don't know how I can grant probation under those circumstances. [1]

Perez Garcia timely appealed his sentence. On appeal, he argued that the district court abused its discretion when it opted to sentence him to prison rather than probation based solely on his status as an undocumented alien. This Court heard oral argument on October 1, 2025. The following day, the Idaho Department of Correction advised Perez Garcia's appellate counsel that Perez Garcia had been deported:

I represent Mr. Perez Garcia in the above-captioned case, which was argued before the Court on October 1, 2025. At oral argument, opposing counsel represented to the Court that Mr. Perez Garcia is currently on parole. I am writing to advise the Court that we have been informed by the Idaho Department of Correction that Mr. Perez Garcia has been deported. We have not independently verified this information, and it is outside the record, but I would like to advise the Court of the same in the interest of full disclosure.

## II.    STANDARDS OF REVIEW

This Court applies an abuse of discretion standard when reviewing sentencing decisions which fall within the statutory limitations. *State v. Hooper*, 119 Idaho 606, 608–09, 809 P.2d 467, 469–70 (1991). When reviewing for an abuse of discretion, this Court evaluates: "[w]hether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *State v. Ish*, 174 Idaho 77, 88, 551 P.3d 746, 757 (2024) (alteration in original) (quoting *State v. Leavitt*, 171 Idaho 757, 764, 525 P.3d 1150, 1157 (2023)). "The hallmark of a discretionary decision that is not reached by an exercise of reason is arbitrariness." *Hollis v. State*, 174 Idaho 168, 175, 551 P.3d 1262, 1269 (2024) (quoting *State v. Le Veque*, 164 Idaho 110, 115, 426 P.3d 461, 466 (2018)). The appellant carries the burden of establishing that the sentencing court abused its discretion. *State v. Dills*, 175 Idaho 20, ___, 561 P.3d 478, 482 (2024) (citing *State v. Casper*, 169 Idaho 793, 797, 503 P.3d 1009, 1013 (2022)).

---

[1] We note that this sentencing colloquy took place prior to the current administration's efforts with respect to illegal immigration.

4

When reviewing a lower court's sentencing decision for abuse of discretion, "this Court conducts an independent review of the record, focusing on the nature of the offense, the character of the offender, and the protection of the public interest." *State v. Wright*, 134 Idaho 79, 81, 996 P.2d 298, 300 (2000) (quoting *State v. McAway*, 127 Idaho 54, 61, 896 P.2d 962, 969 (1995)). "We will not substitute our view for that of a sentencing judge where reasonable minds might differ." *State v. Newman*, 124 Idaho 415, 418, 860 P.2d 618, 621 (1993) (citation modified).

### III.  ANALYSIS

Before addressing the merits of Perez Garcia's appeal, it is important that we briefly discuss Idaho's probation system and clarify the issue on appeal.

"Probation, like incarceration, is 'a form of criminal sanction imposed by a court upon an offender after verdict, finding, or plea of guilty.'" *United States v. Knights*, 534 U.S. 112, 119 (2001) (quoting *Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987)). "Probation is 'one point on a continuum of possible punishments ranging from solitary confinement in a maximum-security facility to a few hours of mandatory community service.'" *Id.* (alteration omitted) (quoting *Griffin*, 483 U.S. at 874). We have previously explained that "[p]robation is not a matter of right . . . ." *State v. Kauffman*, 94 Idaho 20, 23, 480 P.2d 614, 617 (1971) (quoting *Franklin v. State*, 87 Idaho 291, 297, 392 P.2d 552, 555 (1964)). Rather, the determination of whether to grant probation to a defendant is "a matter left to the sound discretion of the court." I.C. § 19-2601(4); *see State v. Barr*, 166 Idaho 783, 785, 463 P.3d 1286, 1288 (2020).

In placing a defendant on probation, the trial court also has discretion to impose "such terms and conditions as it deems necessary and appropriate[.]" I.C. § 19-2601(2); *see also State v. McCool*, 139 Idaho 804, 807, 87 P.3d 291, 294 (2004) ("It is apparent from the broad language of [section] 19-2601 that the legislature intended the courts to have maximum flexibility to fashion the sentence most appropriate to the individual defendant." (citation omitted)). Furthermore, Idaho Code section 19-2521 provides that "[e]ach discretionary sentence should be specifically tailored to the individual defendant and take into account the totality of all relevant facts and circumstances." I.C. § 19-2521(1)(b). However, "a condition of probation must be reasonably related to the purpose of probation," rehabilitation under proper control and supervision. *State v. Sandoval*, 92 Idaho 853, 860–61, 452 P.2d 350, 357–58 (1969) (citation omitted). In this context, rehabilitation "is facilitated by giving the defendant a strong motivation to comply with the law by

holding conditions over him." *State v. Dana*, 137 Idaho 6, 8, 43 P.3d 765, 767 (2002) (citing *State v. Wilson*, 100 Idaho 725, 726, 604 P.2d 739, 740 (1979)).

In this case, Perez Garcia does not contend that requiring a probationer to comply with federal law is an unreasonable condition of probation. Nor does he contend that the district court erred when it determined that he was unable to comply with federal law if he was placed on probation. Instead, Perez Garcia argues the district court abused its discretion when it opted to impose incarceration rather than suspend a prison sentence and grant probation solely because his status as an undocumented alien who had previously been deported and had returned to the country made it impossible for him to comply with federal law. Noting that the district court did not cite any authority to support the proposition that a defendant's undocumented status precludes probation, he argues that the court's decision "appears to reflect prejudice or preference rather than reason or fact." In response, the State notes that the district court has broad discretion to require a defendant to comply with federal law as a condition of probation. Because Perez Garcia admitted that he unlawfully resided in the United States and reentered the United States after having been removed, the State contends that the district court did not abuse its discretion in denying probation because it reasonably concluded that Perez Garcia could not comply with this condition. For the reasons set forth below, we affirm the decision of the district court.

Typically, sentencing decisions are upheld when the sentencing court considers the "sentencing factors set forth in Idaho Code section 19-2521 and the four objectives of criminal punishment we have long articulated." *State v. Ish*, 174 Idaho 77, 100, 551 P.3d 746, 769 (2024) (citing *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982)). Those four objectives are well known: "(1) protection of society, (2) deterrence of the individual and the public generally, (3) possibility of rehabilitation, and (4) punishment or retribution for wrongdoing." *Toohill*, 103 Idaho at 568, 650 P.2d at 710. We have explained that "[a] sentence is reasonable if it appears necessary to achieve the objectives of criminal punishment." *State v. Dobbs*, 166 Idaho 202, 204, 457 P.3d 854, 856 (2020).

Idaho's policy regarding sentencing is contained in Idaho Code section 19-2521(1)(a) and (b), and it requires judges to "first consider placement in the community." I.C. § 19-2521(1)(a). There are several factors in section 19-2521 that sentencing courts must consider, some of which weigh in favor of probation, such as: "[t]he defendant's criminal conduct neither caused nor threatened harm"; "[t]he defendant did not contemplate that his criminal conduct would cause or

threaten harm"; "[t]he defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present crime"; and "[t]he character and attitudes of the defendant indicate that the commission of another crime is unlikely[.]" I.C. § 19-2521(2)(a), (b), (g), and (i). On the other hand, some factors weigh in favor of imprisonment, such as: "[t]here is undue risk that during the period of a suspended sentence or probation the defendant will commit another crime harmful to another person" and "[t]he defendant is a multiple offender or professional criminal." I.C. § 19-2521(3)(a) and (e).

In this case, the district court recognized that Perez Garcia "would typically get probation" based on the sentencing factors set forth in Idaho Code section 19-2521(2) and the objectives of criminal punishment recognized by this Court. However, the district court denied Perez Garcia's and the State's recommendations to place Perez Garcia on probation based not only on his undocumented status and his admission that he had unlawfully reentered the United States after he was previously removed in 2011, but also on his resulting inability to be compliant with federal law.

This Court has not had occasion to address whether a defendant's undocumented status is a relevant consideration when determining whether to grant or deny probation; however, other courts have. "While the law in this area is not well settled, a consensus has developed that it is impermissible for a sentencing court to deny probation based solely on a defendant's undocumented status." *State v. Cerritos-Valdez*, 889 N.W.2d 605, 611 (Neb. 2017) (citations omitted); *see also State v. Avalos Valdez*, 934 N.W.2d 585, 592 (Iowa 2019); *People v. Cesar*, 14 N.Y.S.3d 100, 106 (N.Y. App. Div. 2015); *People v. Hernandez-Clavel*, 186 P.3d 96, 99 (Colo. App. 2008); *State v. Martinez*, 165 P.3d 1050 (Kan. Ct. App. 2007); *People v. Cisneros*, 100 Cal. Rptr. 2d 784, 788 (Cal. Ct. App. 2000); *State v. Morales-Aguilar*, 855 P.2d 646, 647 (Or. Ct. App. 1993). However, courts have also acknowledged that a defendant's undocumented status implicates other relevant sentencing factors, such as the defendant's ability (or willingness) to comply with the law and obtain employment:

> Generally, in discussing whether it was proper to consider a defendant's undocumented status in connection with deciding whether to impose a sentence of probation, other courts have focused on whether the defendant's status implicated other relevant sentencing considerations. For instance, some courts have held it is appropriate to consider the effect of a defendant's undocumented status on his or her ability or willingness to comply with conditions of probation. Other courts have reasoned that a defendant's undocumented status or a history of repeated illegal

7

reentry into the U.S. may demonstrate an unwillingness to conform his or her conduct to the conditions of probation or show that a probation sentence would not be at all effective for that defendant. Still others have held that the undocumented status of defendants may be considered as it relates to their criminal history. At least one court has noted that a defendant's undocumented status is properly considered as it relates to the defendant's employment history or legal employability. And we note that in some instances, defendants have specifically asked the sentencing court to consider their undocumented status, arguing it would be error not to consider it.

*Cerritos-Valdez*, 889 N.W.2d at 611 (citation modified).

Perez Garcia argues that the district court's sentencing decision was arbitrary because his undocumented status was the sole justification for denying probation. We disagree. Our review of the record shows the district court was primarily concerned that Perez Garcia could not be successful on probation because he could not comply with federal law based on his admission at sentencing.

As discussed above, when issuing its ruling, the district court emphasized that Perez Garcia could not comply with a standard condition of probation, namely that he could not "obey all laws including the federal laws" because he was here illegally and had unlawfully reentered the United States after having been previously deported. The district court also noted that Perez Garcia's situation was unlike other undocumented aliens who had entered the country as children "and didn't really have a choice." Instead, Perez Garcia had been "deported once" and, thereafter, he "had a choice to either come illegally or not." These aspects of Perez Garcia's criminal background were plainly relevant to the factors a sentencing court must evaluate under Idaho Code section 19-2521, namely, whether Perez Garcia (1) had a "history of prior delinquency or criminal activity or ha[d] led a law-abiding life for a substantial period of time before the commission of the present crime[,]" I.C. § 19-2521(2)(g); and (2) "is a multiple offender or professional criminal[,]" I.C. § 19-2521(3)(e).

Moreover, in our view, the inability to comply with the law is a compelling reason to deny probation to a defendant. As discussed above, the purpose of probation is to foster the probationer's rehabilitation, which "is facilitated by giving the defendant a strong motivation to *comply with the law* by holding conditions over him." *Dana*, 137 Idaho at 8, 43 P.3d at 767 (emphasis added) (citation omitted). Thus, where a person is unable to comply with the law, he is also a poor candidate for probation because he is unable to be properly rehabilitated, which defeats the purpose underlying Idaho's probation system.

In this case, the district court correctly concluded that Perez Garcia lacked the ability to comply with federal law throughout his probation based on his admission in open court that he had unlawfully reentered the United States after a prior removal in 2011. Congress has criminalized the unlawful entry into the United States. 8 U.S.C. § 1325(a). While the initial entry is penalized under § 1325(a), a person's ongoing presence in the United States in and of itself is not a crime. As noted by the Supreme Court in *United States v. Cores*, when it commented on precursor to § 1325 and similar statutes: "Those offenses are not continuing ones, as 'entry' is limited to a particular locality and hardly suggests continuity." 356 U.S. 405, 408 n.6 (1958); *see also United States v. Corrales-Vazquez*, 931 F.3d 944, 953-54 (9th Cir. 2019).

However, "[§] 1326(a) provides that 'any alien who . . . enters, attempts to enter, or is at any time found in, the United States' without permission after having previously been 'deported or removed' from the United States shall be punished." *United States v. Ayon-Brito*, 981 F.3d 265, 269 (4th Cir. 2020) (second alteration in original) (quoting 8 U.S.C. § 1326(a)). Therefore, "§ 1326(a) creates a continuing offense, which begins with a previously deported alien's reentry (or attempted reentry) into the United States and continues until the alien is found." *Id.* Accordingly, at the time of the sentencing hearing, Perez Garcia lacked the ability to comply with federal immigration law because his ongoing presence in the United States was a continuing offense under 8 U.S.C. § 1326(a).

We recognize that it is not the function of state courts to adjudicate violations of federal immigration laws. Instead, "[t]he Government of the United States has broad, undoubted power over the subject of immigration and the status of aliens." *Arizona v. United States*, 567 U.S. 387, 394 (2012). This does not, however, preclude a sentencing court from recognizing a defendant's immigration status for the purpose of deciding whether he is an appropriate candidate for probation. Nor does it require the sentencing court to ignore a defendant's admission in open court of an ongoing violation of the law.

The record establishes that the district court considered relevant facts that are consistent with criminal sentencing objectives and the goal of criminal probation. It is well-established that a sentencing court may consider a variety of information pertaining to the defendant's character, including past criminal conduct, and whether it resulted in a conviction, acquittal, or was uncharged. *State v. Ogden*, 171 Idaho 258, 275–76, 519 P.3d 1198, 1215–16 (2022). The district court noted that Perez Garcia voluntarily came into the United States illegally after having been

previously deported. Most importantly, the district court recognized that Perez Garcia could not be compliant with federal law while on probation. For the reasons set forth above, this was sufficient information for the district court, in an exercise of its sentencing discretion, to conclude that Perez Garcia was not a suitable candidate for probation.

In summary, district courts may consider a defendant's immigration status in determining eligibility for probation insofar as it bears on the defendant's ability to comply with the ordinary terms of probation, including compliance with state and federal law. We emphasize, however, that immigration status alone does not render a defendant ineligible for probation; rather, it may be weighed alongside the factors set forth in Idaho Code section 19-2521 and *Toohill*.

## IV.   CONCLUSION

For these reasons, the district court's sentence is affirmed.

Chief Justice BEVAN and Justices BRODY, MOELLER, and ZAHN CONCUR.

10