**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 52330**

STATE OF IDAHO, )
)
   Plaintiff-Respondent, )
)    **Boise, December 2024 Term**
v. )
)    **Opinion Filed: December 19, 2024**
MATTHEW WAYNE DILLS, )
)    **Melanie Gagnepain, Clerk**
   Defendant-Appellant. )
_____ )

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County, Derrick J. O'Neill, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of three years, for domestic violence or battery in the presence of a child and being a persistent violator, affirmed. Limited remand to address Presentence Investigation Report.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

PER CURIAM

In this appeal, Matthew Wayne Dills asserts that the procedure used by the district court to accept the State's proffered corrections to the Presentence Investigation Report (PSI) during sentencing was insufficient to ensure: (1) that the PSI in the record reflected the accepted changes or (2) that the PSI, as corrected, was transmitted to the Idaho Department of Correction (IDOC). Dills also asserts that the district court imposed an excessive sentence. This appeal was initially assigned to the Court of Appeals which affirmed the district court. Dills timely filed a petition for review, which was granted by this Court. For the reasons discussed below, we affirm the sentence imposed by the district court but conclude that a remand is required for the limited purpose of

1

ensuring that the PSI in the record reflects the corrections accepted by the district court and that the PSI, as corrected, will be distributed to the IDOC.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Dills was involved in a physical altercation with his ex-wife while his seven-year-old daughter was present in the home. As a result of this altercation, the State charged Dills with domestic violence or battery in the presence of a child, Idaho Code sections 18-918(2), 18-903(a), and 18-918(4); and with being a persistent violator of the law, Idaho Code section 19-2514. A jury found Dills guilty of the domestic violence charge and Dills admitted to being a persistent violator. The district court ordered that a PSI be prepared prior to sentencing.

At sentencing, the State indicated that the PSI provided an incorrect birth date and age for Dills and incorrectly reported that he was convicted of domestic violence with traumatic injury, rather than domestic violence in the presence of a child. The district court verbally acknowledged these corrections and verified Dills' correct date of birth. Dills did not request any other corrections to the PSI. Following the sentencing hearing, the district court issued an "Order Amending Information in Presentence Report (PSI)," which identified three changes: (1) "DOB should read '1973' "; (2) "Age should read '49' "; and (3) "Offense #1 should include – 'In the presence of a child.' "

Ultimately, the district court sentenced Dills to a unified term of ten years, with a minimum period of confinement of three years. Dills timely appealed, asserting that the district court abused its discretion by failing to ensure that the corrections accepted during the sentencing hearing were reflected in the PSI distributed to IDOC and by imposing an excessive sentence. The appeal was assigned to the Court of Appeals, which affirmed the district court. Dills timely filed a petition for review, which was granted by this Court.

## II.  STANDARDS OF REVIEW

"When reviewing a case on petition for review from the Court of Appeals this Court gives due consideration to the decision reached by the Court of Appeals, but directly reviews the decision of the trial court." *State v. Greer*, 171 Idaho 555, 558, 524 P.3d 386, 389 (2023) (quoting *State v. Jeske*, 164 Idaho 862, 867, 436 P.3d 683, 688 (2019)).

"A district court's denial of a motion to strike or delete portions of a PSI is reviewed on appeal for an abuse of discretion." *Id.* (first quoting *State v. Molen*, 148 Idaho 950, 961, 231 P.3d 1047, 1058 (Ct. App. 2010); and then citing *State v. Ogden*, 171 Idaho 258, 274, 519 P.3d 1198,

1215 (2022)). "Sentencing decisions are [also] reviewed using an abuse of discretion standard." *Id.*

> The test to determine whether a trial court has abused its discretion consists of four parts, which include whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.

*State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018) (citing *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018)).

### III.    ANALYSIS

**A.    A limited remand is required to ensure that the PSI reflects the corrections accepted during sentencing and is transmitted to IDOC.**

On appeal, Dills argues the district court abused its discretion by entering an order accepting three corrections to the PSI but failing to either attach the order to the PSI or otherwise redline the original PSI to ensure that the changes are reflected as ordered. Dills contends that, pursuant to *State v. Greer*, 171 Idaho 555, 524 P.3d 386 (2023), a limited remand is necessary "to ensure that the corrections are reflected in the PSI and that a corrected copy of the PSI is distributed to IDOC." The State agrees that, on the basis of this record, a limited remand is required. The parties are correct.

In *Greer*, we recognized that when a district court has accepted corrections to a PSI, the district court has an obligation to (1) update the PSI; (2) make the updated PSI a part of the record; and (3) provide the updated PSI to IDOC. *See* 171 Idaho at 563, 524 P.3d at 394. The third element of the district court's obligation stems from the fact that the PSI is "relied upon by the IDOC to make a myriad of decisions regarding the defendant during his stay in custody and while on parole," and a PSI reflecting the district court's corrections "is necessary in large part to ensure future decisions about the defendant are based on accurate information." *Id.* at 560, 524 P.3d at 391.

The "Order Amending Information in Presentence Report (PSI)" reflects that the district court accepted the corrections proffered by the State. However, the PSI was not redlined to reflect these changes, nor was the amending order attached to the PSI. Redlining—whether by means of traditional handwritten notations to a printed version of the PSI or digital notations in the electronic version of the PSI—is the best practice to reflect changes or corrections made to a PSI since this

3

procedure provides the most direct and easily discerned evidence of what changes are intended by the district court. *See State v. Molen*, 148 Idaho 950, 961–62, 231 P.3d 1047, 1058–59 (Ct. App. 2010) ("[W]e regard the *better procedure* to be a 'redlining' of the report, in which the court physically notes which portions are excluded." (emphasis and alteration in original) (quoting *State v. Rodriguez*, 132 Idaho 261, 262 n.1, 971 P.2d 327, 328 n.1 (Ct. App. 1998))). That is not to say, however, that an order like the one entered in this case cannot be used so long as the order is sufficiently specific and is conspicuously appended to the PSI in a *single document*. Here, the amending order was not appended to the PSI in a single document; therefore, we cannot conclude on the face of this record whether the PSI distributed to IDOC reflected the corrections accepted by the district court. Consequently, a remand is necessary for the limited purpose of ensuring the order accepting corrections to the PSI is conspicuously appended to the PSI in a single document and transmitted to the Idaho Department of Correction.

**B. The district court did not abuse its sentencing discretion when it imposed sentence rather than place Dills on probation.**

Dills argues the district court abused its discretion by imposing an excessive sentence. Specifically, Dills argues that the district court should have suspended his sentence and placed him on probation in light of various mitigating factors, including: his abusive childhood, sobriety, physical health, ability to maintain gainful employment, and positive support system. In response, the State argues the district court properly considered these mitigating factors. We agree with the State.

Our standard of review when reviewing a sentence is well understood:

> If a sentence falls within the statutory limits, it is well established that "an appellant has the burden of showing a clear abuse of discretion on the part of the court imposing the sentence." *State v. Pierce*, 150 Idaho 1, 5, 244 P.3d 145, 149 (2010) (citation omitted). The standards governing this review are embodied in this Court's jurisprudence. "A sentence is reasonable if it appears necessary to achieve the objectives of criminal punishment." *State v. Dobbs*, 166 Idaho 202, 204, 457 P.3d 854, 856 (2020). Whereas, an excessive sentence is "unreasonable under any rational view of the facts." *Id.* (quoting *State v. Hansen*, 138 Idaho 791, 797, 69 P.3d 1052, 1058 (2003)). The objectives of criminal punishment have been identified as "(1) protection of society, (2) deterrence of the individual and the public generally, (3) possibility of rehabilitation, and (4) punishment or retribution for wrongdoing." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Among these objectives, we have long held that "[t]he primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end." *State v. Moore*, 78 Idaho

4

359, 363, 304 P.2d 1101, 1103 (1956). "The district court has the discretion to weigh [these sentencing] objectives and give them differing weights when deciding upon the sentence." *State v. Bailey*, 161 Idaho 887, 895, 392 P.3d 1228, 1236 (2017).

*State v. Casper*, 169 Idaho 793, 797–98, 503 P.3d 1009, 1013–14 (2022) (alterations in original). Applying this standard to the record, Dills has failed to demonstrate that the district court abused its discretion by imposing sentence rather than placing him on probation.

This was Dills' sixth felony case and eleventh felony conviction. This alone supports the district court's focus on protection of society as a "primary consideration" at sentencing. *Id.* He has an extensive adult criminal history including drugs, robbery, and domestic violence. At the time of sentencing, he had been imprisoned on at least two prior occasions. Moreover, the record reflects that Dills was given the opportunity for probation in 2018 when a felony domestic battery charge involving the same victim was reduced to a misdemeanor. The domestic violence evaluation recommended that Dills repeat a 52-week treatment program, noting that he denied responsibility for the violence that occurred. None of the mitigating factors Dills points to, collectively, or individually, outweigh Dills' extensive criminal history or the jury's determination that Dills broke the victim's arm during a physical dispute. Because Dills has not demonstrated that the sentence imposed was unreasonable under any rational view of the facts, we affirm the district court's sentence.

## IV.    CONCLUSION

We hold the district court did not abuse its discretion in imposing the sentence that it did. The case is remanded to the district court for the limited purpose of ensuring the order accepting corrections to the PSI is conspicuously appended to the PSI in a single document and transmitted to the Idaho Department of Correction.