**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 50675**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Boise, February 2025 Term** |
| | ) | |
| **v.** | ) | **Opinion Filed: February 26, 2025** |
| | ) | |
| **JUAN C. ALVAREZ,** | ) | **Melanie Gagnepain, Clerk** |
| | ) | |
| **Defendant-Appellant.** | ) | |
| _____ | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Patrick J. Miller, District Judge.

Limited <u>remand</u> to address Presentence Investigation Report.

Erik R. Lehtinen, State Appellate Public Defender, Boise for Appellant. Kimberly A. Coster submitted argument on the briefs.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. Mark W. Olson submitted argument on the briefs.

_____

PER CURIAM

In this appeal, Juan C. Alvarez asserts that the district court abused its discretion by failing to "redline" or otherwise correct portions of the Presentence Investigation Report (PSI). For the reasons discussed below, we conclude that a remand is required for the limited purpose of ensuring that the PSI in the record reflects the corrections accepted by the district court and that the PSI, as corrected, is distributed to the Idaho Department of Correction (IDOC).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Following an altercation with his former girlfriend, the State charged Alvarez with felony domestic battery inflicting traumatic injury pursuant to Idaho Code section 18-918(2)(a); misdemeanor malicious injury to property pursuant to Idaho Code section 18-7001(1); misdemeanor intentional destruction of a telecommunication line or telecommunication instrument pursuant to Idaho Code section 18-6810; misdemeanor false imprisonment pursuant to

1

Idaho Code sections 18-2901; and misdemeanor violation of a no-contact order pursuant to Idaho Code section 18-920. Alvarez pleaded not guilty to each charge and proceeded to a jury trial.

At the conclusion of the State's evidence, the district court granted Alvarez's motion for a judgment of acquittal on the misdemeanor violation of a no-contact order charge. Thereafter, following the presentation of all evidence, the jury convicted Alvarez of the felony domestic battery inflicting traumatic injury charge and acquitted him of the remaining charges. The district court ordered Alvarez to participate in a presentence investigation and undergo a domestic violence evaluation, and the resulting reports were submitted to the court for sentencing.

At the outset of the sentencing hearing, Alvarez objected to the district court considering an addendum to the PSI consisting of a letter from the victim's mother. The district court sustained this objection concluding that the mother was not a victim entitled to submit a victim impact statement and that it would not consider an unsworn statement from an interested party. Alvarez continued to identify other needed corrections to the PSI including: (1) on page two of the domestic violence evaluation, it listed the charges that he was acquitted of as having been dismissed; (2) on page four of the domestic violence evaluation, it made reference to a "Mr. Runyon," an individual not associated with the case; and (3) on page ten of the PSI, it incorrectly stated that he had entered pleas of guilty to all charges. The district court orally stated that it would make the identified corrections. Ultimately, the district court sentenced Alvarez to a unified term of eight years with two years fixed, suspended the sentence, and placed Alvarez on a period of probation for eight years. Alvarez timely appeals.

## II. STANDARD OF REVIEW

"A district court's denial of a motion to strike or delete portions of a PSI is reviewed on appeal for an abuse of discretion." *State v. Greer*, 171 Idaho 555, 558, 524 P.3d 386, 389 (2023) (first quoting *State v. Molen*, 148 Idaho 950, 961, 231 P.3d 1047, 1058 (Ct. App. 2010); and then quoting *State v. Ogden*, 171 Idaho 258, 274, 519 P.3d 1198, 1214 (2022)).

> The test to determine whether a trial court has abused its discretion consists of four parts, which include whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.

*State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018) (citing *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018)).

2

### III. ANALYSIS

On appeal, Alvarez asserts that the district court abused its discretion by failing to redline the PSI in the record to reflect the corrections and deletions accepted by the district court at the sentencing hearing. Alvarez argues that, pursuant to *State v. Dills*, ___ Idaho ___, 561 P.3d 478 (2024), and *State v. Greer*, 171 Idaho 555, 524 P.3d 386 (2023), a limited remand is necessary to ensure that the corrections and deletions accepted by the district court are reflected in the PSI in the record and distributed to the IDOC. In a motion filed in lieu of a respondent's brief, the State concurs that the appropriate resolution of this appeal is the limited remand requested by Alvarez. We agree.

In *Greer*, we recognized that, once a district court has accepted corrections to a PSI, the district court has an obligation to (1) update the PSI, (2) make the updated PSI a part of the record, and (3) provide the updated PSI to the IDOC. 171 Idaho at 562–63, 524 P.3d at 393–94. The third element of the district court's obligation stems from the fact that the PSI is "relied upon by the IDOC to make a myriad of decisions regarding the defendant during his stay in custody and while on parole," and a PSI reflecting the district court's corrections "is necessary in large part to ensure future decisions about the defendant are based on accurate information." *Id.* at 560, 524 P.3d at 391. Subsequently, in *Dills*, we recognized that, while "redlining" was the "best practice to reflect changes or corrections made to a PSI," a district court could fulfill its obligation to ensure that an updated PSI reflecting any changes or corrections accepted by the district court was part of the record and distributed to the IDOC by entering an order reflecting the changes to be made "so long as the order is sufficiently specific and is conspicuously appended to the PSI in a *single document*." ___ Idaho at ___, 561 P.3d at 481. When, on the face of the record, this Court cannot conclude "whether the PSI distributed to IDOC reflected the corrections accepted by the district court," a limited remand is required. *Id.* at ___, 561 P.3d at 481–82.

Here, the record reveals that the district court ruled that (1) the letter from the victim's mother attached as an addendum to the PSI would not be considered because it was an unsworn statement of an interested party; (2) page two of the domestic violence evaluation incorrectly reported that certain charges against Alvarez had been dismissed; (3) page four of the domestic violence evaluation incorrectly referenced an individual not associated with this case; and (4) page ten of the PSI incorrectly reported that Alvarez had entered pleas of guilty to all charges. However, the sentencing materials in the record do not reflect any of these corrections were actually redlined

on the PSI nor was an order entered or appended to the PSI specifically and conspicuously reflecting that each of these corrections were made. Therefore, we cannot conclude on the face of this record whether the PSI distributed to the IDOC contained the corrections accepted by the district court.

## IV. CONCLUSION

The case is remanded for the limited purposes of ensuring that the district court made the accepted changes to the PSI, a corrected copy of the PSI is included in the record, and it is transmitted to the Idaho Department of Correction.