**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51456**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 11, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ERIC TALAMANTES TELLEZ, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County. Hon. Steven W. Boyce, District Judge.

Judgment of conviction and sentence for lewd conduct with a child under the age of sixteen and sexual abuse of a child under the age of sixteen, <u>affirmed</u>; and <u>case remanded for further proceedings</u>.

Erik R. Lehtinen, State Appellate Public Defender; Devin Harris, Deputy Appellate Public Defender, Boise, for appellant. Devin Harris argued.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent. Elizabeth H. Estes argued.

_____

HUSKEY, Judge

Eric Talamantes Tellez[1] appeals from his judgment of conviction and sentence for lewd conduct with a child under the age of sixteen years and sexual abuse of a child under the age of sixteen years. Talamantes argues the district court abused its discretion by failing to redline an addendum to his presentence investigation report (PSI) to convey that it was struck from the record and by imposing sentence instead of placing him on probation. Because the order striking the addendum is not included in the record and the PSI is not redlined, a limited remand is necessary.

_____

[1]     At the change of plea hearing, the district court asked Talamantes Tellez which name he preferred. Talamantes said he had no preference, so the district court used Talamantes. This Court will also refer to the appellant as Talamantes.

1

The district court did not abuse its discretion during sentencing. Thus, we affirm Talamantes's conviction and sentence and remand this case for further proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Talamantes with three counts of lewd conduct with a child under the age of sixteen years, Idaho Code § 18-1508, and two counts of sexual abuse of a child under the age of sixteen years, I.C. § 18-1506(1)(b). Pursuant to a plea agreement, Talamantes pleaded guilty to one count of lewd conduct with a child under the age of sixteen years and one count of sexual abuse of a child under the age of sixteen years, and the State dismissed the remaining charges. Prior to sentencing, the Idaho Department of Correction (IDOC) filed a PSI for Talamantes. After reviewing the PSI, the State informed the presentence investigator that the PSI did not adequately convey there were multiple victims in this case. IDOC then filed an addendum to the PSI which included the additional information regarding the second victim. Although the presentence investigator stated that the additional information regarding the second victim was received after the completion of the PSI, that information was in fact already contained in the original PSI. Additionally, the addendum reflected a change in Talamantes's sentencing recommendation from a period of probation to a period of retained jurisdiction (rider).

During sentencing, Talamantes moved to strike the addendum because the information in the addendum was already included in the original PSI. The State conceded that the police report regarding the second victim was already included in the PSI. The district court granted Talamantes's motion, ordered the addendum stricken from the PSI, agreed not to consider the addendum or its sentencing recommendation, and agreed to limit its considerations during sentencing to the original PSI. For each conviction, the district court sentenced Talamantes to a concurrent, unified sentence of ten years with two and one-half years determinate. Talamantes appeals.

## II.

## STANDARD OF REVIEW

A district court's decision on a motion to strike or delete portions of a PSI and a district court's sentencing decision are reviewed on appeal for an abuse of discretion. *State v. Ogden*, 171 Idaho 258, 266, 274, 519 P.3d 1198, 1206, 1214 (2022). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine

whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Talamantes argues that the district court "should have redlined the PSI addendum to convey that it was struck from the record." The State responds that although the district court failed to redline the addendum, the district court did not err because it was not obligated to redline the addendum.

The obligation of the district court with regard to redlining corrections in a PSI is clear: an abuse of discretion occurs when a district court fails to redline a PSI that it agreed was inaccurate. *State v. Ogden*, 171 Idaho 843, 862, 526 P.3d 1013, 1032 (2023); *see State v. Greer*, 171 Idaho 555, 562, 524 P.3d 386, 393 (2023). Further, when the PSI in the appellate record does not include the corrections the district court agreed to make, the Idaho Supreme Court has held that the appellate court cannot determine if those changes occurred. *Ogden*, 171 Idaho at 862, 526 P.3d at 1032. Thus, a limited remand is necessary to ensure any corrections previously accepted by the district court are noted in a way that memorializes those corrections in the record. *Id.* Upon remand, the district court should confirm that the appropriate corrections were made to the PSI and ensure the corrected PSI is made part of the record and provided to IDOC. *Id.*; *see Greer*, 171 Idaho at 560, 524 P.3d at 391.

In this case, Talamantes moved to strike the addendum from the original PSI. The district court orally granted the motion, but no written order was entered. The appellate record does not include a redlined copy of the PSI or a written order striking the addendum that is "physically attached" to the electronic PSI as required by *State v. Dills*, __ Idaho __, 561 P.3d 478 (2024). For example, in *Dills*, the district court entered an order amending information in the presentence report reflecting the corrections it made to the PSI during sentencing. *Id.* at __, 561 P.3d at 481. The order was in the appellate record. *Id.* However, the Idaho Supreme Court held that because the PSI was not redlined to reflect the changes and the order listing the corrections made to the PSI was not physically attached to the PSI, it could not determine "on the face of [the] record whether the PSI distributed to IDOC reflected the corrections accepted by the district court." *Id.*

3

at __, 561 P.3d at 481-82. The Supreme Court held that a limited remand was necessary to ensure the order accepting corrections to the PSI is conspicuously appended to the PSI in a single document and transmitted to IDOC. *Id*. at __, 561 P.3d at 482.

The State argues this case is distinguishable from *Dills* and the other redlining opinions because the PSI addendum did not include any corrections. We disagree. The opinions issued by the Supreme Court hold that if the district court agrees to or orders changes, corrections, or modifications to the PSI, and those changes are not reflected on the PSI in the appellate record, the case must be remanded. In this case, like in *Dills*, in the absence of a written order that is physically attached to the PSI as part of a single document, a limited remand is necessary for the purpose of ensuring compliance with the Supreme Court's holding.[2]

Talamantes also argues the district court abused its discretion during sentencing by refusing to place him on probation. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

---

[2]     It is unclear what process the trial court judges must follow. For example, it is unclear how the trial court judges will "redline" an electronic PSI without altering the original document short of printing the electronic PSI, physically marking on it, scanning the altered document, and uploading that document to Odyssey. It is also unclear how the trial court will "physically attach" electronic orders to other electronic documents such that there is only one document. Finally, it is unclear how remanding these cases resolves the purpose underlying the redlining requirement; i.e., that a corrected version of the PSI was forwarded to IDOC, which may or may not have occurred in the first instance.

## IV.
### CONCLUSION

Although the district court agreed to strike the addendum to the PSI, because the record does not include an annotated version of the PSI or the addendum, indicating the addendum was stricken, or a written order attached to the PSI or the addendum indicating the same, remand is required to ensure there is a physical record that the addendum was stricken and that IDOC was advised of such. The district court did not abuse its discretion by refusing to place Talamantes on probation. Therefore, Talamantes's judgment of conviction and sentence are affirmed, and the case is remanded for further proceedings consistent with this opinion.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.